89 N.J. Super. 361 (1965)
215 A.2d 53
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
KENNETH HALL, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted November 8, 1965.
Decided December 3, 1965.
*363 Before Judges GAULKIN, LABRECQUE and BROWN.
Mr. Richard S. Cohen, Assistant Prosecutor, argued the cause for plaintiff (Mr. Edward J. Dolan, Middlesex County Prosecutor, attorney).
Mr. Kenneth Hall, defendant, appeared pro se.
PER CURIAM.
Defendant Hall was convicted in Middlesex County of breaking, entering and larceny and, on May 15, 1958, was sentenced to Bordentown Reformatory. On appeal the judgments were affirmed in State v. Hall, 55 N.J. Super. 441 (App. Div. 1959). Thereafter he was released on parole and committed four armed robberies in Bergen County. He was convicted of one and pleaded guilty to the other three and, on October 6, 1961, he was sentenced to 12 to 18 years in State Prison. He then moved to withdraw his pleas and, when his motion was denied, he appealed from all four convictions. The judgments were affirmed in an unreported opinion, State v. Hall, Docket No. A-853-61 (App. Div. 1963).
Although he is now serving the 12 to 18 year sentence imposed in Bergen County, in this proceeding he attacks the 1958 conviction in Middlesex County, probably because he fears that after he has served the 12 to 18 year sentence he may be required to serve the balance of the time which remains on his Bordentown sentence because of the violation of his parole from that institution.
Hall's attack on the 1958 conviction is based on three grounds. The first is that evidence used against him was "the fruits of an illegal seizure." However, Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965), has *364 established that the United States Constitution does not require that Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961), be applied retroactively, and New Jersey does not so apply it. State v. Smith, 43 N.J. 67, 78-79 (1964).
A second point raised by Hall is that both the prosecutor and the trial judge commented upon his failure to testify, contrary to Griffin v. State of California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965). However, we hold that Griffin, like Mapp v. Ohio, is not to be applied retroactively, and for the same reasons.
In State v. Johnson, 43 N.J. 572 (1965), the Supreme Court held that Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), is not to be applied retroactively. In so holding, the court said:
"Where the reliability of the guilt-determining process is seriously impugned, there is good reason for applying the new rule to a case already decided. It would offend our sense of justice to continue to incarcerate a convicted man where the subsequent considerations cast grave doubts upon the reliability of the determination of his guilt. But where the conviction was obtained as a result of a procedure not considered fundamentally unfair at that time, and subsequent judicial decisions cast no substantial doubts upon the reliability of the determination already made, no compelling reason exists for disturbing a decision no longer subject to direct appeal." (43 N.J., at p. 585)
Commenting on defendant's failure to testify certainly did not impugn "the reliability of the guilt-determining process," or, in the words of Linkletter, "the very integrity of the fact-finding process." Linkletter v. Walker, supra, 381 U.S., at p. 618, 85 S.Ct., at p. 1743, 14 L.Ed.2d, at p. 614.
Hall's final point is that he was denied the effective assistance of trial counsel, retained by him, because counsel failed to produce certain evidence, chiefly a hospital record which he claims would have showed that his hand was cut before the alleged crime. This claim was mentioned below by defendant, but the factual basis for it was not explored. The trial judge said: "This issue seems without merit because it is patent that such evidence could have been obtained at the time of the *365 trial and defendant's negligence in failing to produce such testimony should not be the basis for a new trial * * * this court does not conceive that one is deprived of [his] constitutional right merely because counsel either negligently or inadvertently failed to take some particular action at the trial below, which upon further consideration is deemed to be important. Unconstitutionality based upon these grounds requires mistakes or omissions of far greater magnitude than the instant one * * *." We add that Hall's attorney was a trial lawyer constantly in the courts.
Although we agree with the trial judge's statement of the law, we cannot determine from the record before us the magnitude of the alleged failure to produce the evidence which defendant says should have been produced. Therefore, we affirm without prejudice to a new application for post-conviction relief limited to the ground of the alleged inadequacy of counsel, if defendant chooses to make one. We do not retain jurisdiction.