UNITED STATES of America ex rel.
James Hoey FEAR, Appellant,

v.

COMMONWEALTH OF PENNSYLVA-
NIA, Alfred T. Rundle, Superintendent,
State Correctional Institution, Grater-
ford, Pennsylvania.

No. 18106.

United States Court of Appeals,
Third Circuit.

Submitted Jan. 19, 1970.

Decided March 11, 1970.

James Hoey Fear, pro se.

Leroy S. Zimmerman, Dist. Atty., Har-
risburg, Pa. (Jerome T. Foerster, Asst.
Dist. Atty., Harrisburg, Pa., on the
brief), for appellee.

Before FORMAN, SEITZ and ADAMS,
Circuit Judges.

## OPINION OF THE COURT

ADAMS, Circuit Judge.

Once again we are called upon to con-
sider an appeal from a prisoner convict-
ed in a state court proceeding on the
basis of a guilty plea who now contends
that such plea was not entered intelli-
gently and with an understanding of
what it meant or its consequences.

Relator pleaded guilty on May 23, 1960
before the Court of Common Pleas of
Dauphin County, Pennsylvania to charg-
es of robbery and larceny of a motor ve-
hicle.

On August 11, 1965, relator filed a
petition for habeas corpus in the Court
of Common Pleas of Dauphin County,
No. 1850, June Term, 1965. By opinion
and order dated September 27, 1965, the
petition was denied without a hearing.
The decision was affirmed per curiam by
the Superior Court of Pennsylvania,
Com. ex rel. Fear v. Myers, 207 Pa.
Super. 767, 218 A.2d 845 (1966). No ap-
peal was taken.

On March 22, 1968, relator filed a petition under the Pennsylvania Post Conviction Hearing Act in the Court of Common Pleas of Dauphin County, No. 235, September Term, 1959. By opinion and order dated April 29, 1968, the petition was dismissed without a hearing, and the decision was not appealed. It is acknowledged by both parties that relator has exhausted his state remedies for purposes of habeas corpus.

Relator then filed a petition in the District Court for habeas corpus, which was denied on May 26, 1969. He now contends on appeal here that the denial by the District Court was error and that he is being held in custody unlawfully for the following reasons: his "confession" was coerced; he was tried by a court without jurisdiction; he was denied the assistance of counsel at critical stages; his trial was prejudiced by late and ineffective counsel; his "plea of guilty" was unlawfully induced; the court failed to meet the standards of impartiality; he was denied the right to appeal; and he was denied a full and fair evidentiary hearing.

Relator alleges in support of his contentions that several months before trial while he was being detained at the Eastern Diagnostic and Classification Center in Philadelphia, and when he was without legal representation, he was tricked into signing a plea of guilty thinking he was merely waiving the right to trial by jury, that at trial this "confession" was used to convict him without his ever having actually pleaded guilty, and that no inquiry into the voluntariness of his plea was made during or after the trial.

The transcript of the trial is available. However, it does not adequately disclose whether relator intelligently and voluntarily entered a plea of guilty. In fact it shows no plea of guilty by relator at trial, but only several statements by the assistant district attorney to the effect that "on all of these three charges * * * the defendant, James Hoey Fear, has indicated he will plead guilty to the charge."

The United States Supreme Court has recently indicated that it is reversible error for a state court judge to accept a guilty plea without a record inquiry showing that it was entered "intelligently and voluntarily." Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Although the doctrine enunciated in Boykin does not apply retroactively, United States ex rel. Hughes v. Rundle, 419 F.2d 116 (3d Cir. 1969), approving Commonwealth v. Godfrey, 434 Pa. 532, 254 A.2d 923, 1969, the mere fact that relator in the present case was tried before the effective date of Boykin (June 2, 1969) does not deprive him of the right to a hearing on the claim that his guilty plea was constitutionally infirm.

In pre-Boykin cases where there had been no appropriate on-the-record inquiry, the burden of proving that a guilty plea was voluntarily and understandingly entered has been held to be on the prosecution. United States ex rel. Fink v. Rundle, 414 F.2d 542 (3d Cir. 1969); United States ex rel. Crosby v. Brierley, 404 F.2d 790 (3d Cir. 1968); United States ex rel. McCloud v. Rundle, 402 F.2d 853 (3d Cir. 1968). The Pennsylvania Supreme Court shifted this burden to the prosecution in Commonwealth ex rel. West v. Rundle, 428 Pa. 102, 237 A.2d 196 (1968). Commonwealth v. Cushnie, 433 Pa. 131, 249 A.2d 290 (1969), then held that this burden is on the Commonwealth only in cases tried after the West case was decided. Commonwealth v. McBride, No. 415, Jan. Term, 1969 (Pa.Sup. Ct.Jan. 30, 1970), however, overruled Cushnie when the Pennsylvania Supreme Court held that "in silent record cases tried before Boykin was decided * * * the Commonwealth will have the burden of demonstrating that the plea was voluntary." Although the opinion in McBride, written by Justice Roberts, does not have the explicit approval of a majority of the Court (two Justices concurred in the decision), it is based on the position that the United States Supreme Court considers a guilty plea a waiver of im-

portant constitutional rights, Boykin v. Alabama, and that due process requires that there be applied the waiver standard of Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938).[1]

In Commonwealth v. Godfrey, *supra*, 434 Pa. at 536, 254 A.2d at 925, the first reason enumerated for not applying *Boykin* retroactively is the fact that:

> "[A] defendant who is not afforded an on-the-record examination is not left without recourse. He is free to argue in a post-conviction proceeding that his plea was not made *intelligently and voluntarily and he must be given a hearing on this claim if it is not patently frivolous on the face of the record.* [Emphasis added]

In Commonwealth ex rel. West v. Myers, 423 Pa. 1, 7, 222 A.2d 918, 922 (1966), the Pennsylvania Supreme Court held that a relator who alleges facts which, if true, would entitle him to the issuance of a writ of habeas corpus, "must be afforded a hearing and the opportunity to establish the truth of his allegations."

Significantly, appellants in several recent cases before this Court have been afforded hearings under similar circumstances. Evidentiary hearings were conducted by district courts in United States ex rel. Fink v. Rundle, 414 F.2d 542 (3d Cir. 1969); United States ex rel. Crosby v. Brierley, 404 F.2d 790 (3d Cir. 1968); and United States ex rel. McCloud v. Rundle, 402 F.2d 853 (3d Cir. 1968). In *McCloud* we said at 857:

> "In the absence of an adequate record indicating that the trial court has properly ascertained whether a guilty plea was knowingly and voluntarily entered, it is incumbent upon the federal habeas corpus court to make this determination on the basis of all the relevant facts and circumstances."

In United States ex rel. Hughes v. Rundle, 419 F.2d 116 (3d Cir. 1969), an

evidentiary hearing had previously been conducted by the state court.

Accordingly, the case will be remanded to the District Court for an evidentiary hearing to determine whether relator's guilty plea was entered intelligently and with an understanding of what it meant and its consequences, and to consider the other contentions raised by relator.

---

1. There is now on appeal in this Court a case which will raise before a court *en banc* the question of the burden of proof in pre-*Boykin* cases where petitioner claims that a guilty plea was not entered voluntarily, with an understanding of its consequences: United States ex rel. Grays v. Rundle, No. 17,698.