UNITED STATES of America ex rel.
Robert Francis URBANO,
Petitioner,

v.

Howard D. YEAGER, Warden, New Jersey State Prison, Respondent.

Civ. A. No. 1051–70.

United States District Court,
D. New Jersey.

Feb. 26, 1971.

---

## OPINION AND ORDER

KITCHEN, District Judge:

After conviction on a homicide charge in 1960, relator was sentenced to life imprisonment in the New Jersey State Prison. His petition for writ of habeas corpus does not attack that sentence, which he is presently serving. Rather, he contends that: (1) The circumstances surrounding his plea of guilty to a burglary charge in Maricopa County, Arizona, on December 13, 1948, render that plea constitutionally deficient; and (2) The 1948 conviction now prejudices his eligibility and consideration for parole. This Court agrees.

After an independent review of the record, pleadings, briefs,[1] state court opinions, and other supporting documents, required under Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), this Court has determined that no evidentiary hearing is necessary.

█ Two procedural matters require brief discussion at the outset. This Court's jurisdiction over the matter at hand is apparent. Except in circumstances not relevant here,[2] only a court in the judicial district where relator is physically present at the time of application has jurisdiction to issue the writ. Thus, the fact that relator did not plead guilty in a Court within this judicial district does not affect this Court's jurisdiction.

█ While it is true that this decision probably will not result in relator's immediate release, it does not follow, as respondent contends, that such a decision "would have no legal effect upon [relator's] status as an inmate or upon the date when he will first become eligible for consideration for release on parole pursuant to [New Jersey law]." Answer at 1–2. Immediate release is not the only relief available on habeas corpus. Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968); see United States ex rel. DiRienzo v. New Jersey, 423 F.2d 224 (3d Cir. 1970). As relator indicates, the 1948 conviction does affect him adversely. A prior conviction is a factor in determining the time at which an inmate becomes eligible for parole. N.J.S.A. 30:4–123.12. Furthermore, New Jersey law requires the Warden to assemble information concerning a prisoner's background for consideration in determining whether or not parole is indicated. N.J.S.A. 30:4–141. Therefore, the case is not moot. State v. Urbano, 105 Ariz. 13, 14, 457 P.2d 343, 344 (1969); cf. Sibron v. New York, 392 U.S. 40, 57, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968).

█ After relator entered the 1948 guilty plea in Arizona, he received a suspended sentence and was placed on probation for five years. He states that he was never advised of his right to appeal from the Arizona conviction, although he makes no argument as to a deprivation of constitutional rights on that account. His attempts to secure post-conviction relief in the Arizona courts began in December, 1966, approximately six years after his New Jersey homicide conviction and life sentence. After unsuccessful efforts to retain counsel, relator filed a *pro se* petition for writ of er-

---

1. Although afforded the opportunity to do so, the State of Arizona elected not to file a brief in this matter.

2. Either the District Court where relator was incarcerated when he filed his peti-

tion or where he was sentenced has jurisdiction on habeas corpus, but only if both districts are within the same state. 28 U.S.C. § 2241(d).

ror *coram nobis* in the Superior Court of Maricopa County, Arizona on April 4, 1967; that application was denied in an opinion dated May 31, 1967; and on November 24, 1967, the Arizona Supreme Court denied relator's petition for leave to appeal from that order. In an opinion filed July 23, 1969, the Arizona Supreme Court affirmed the denial of the writ of error *coram nobis*. State v. Urbano, 105 Ariz. 13, 457 P.2d 343 (1969), cert. denied, 397 U.S. 948, 90 S.Ct. 968, 25 L.Ed.2d 129 (1970). In each of these proceedings, relator's contention was the same as it is today. Thus, he has exhausted his state court remedies and the matter is ripe for decision. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L. Ed.2d 837 (1963); *cf.* United States ex rel. Durocher v. LaVallee, 330 F.2d 303, 306 (2d Cir. 1964), cert. denied, LaVallee v. Durocher, 377 U.S. 998, 84 S.Ct. 1921, 12 L.Ed.2d 1048 (1964).

The record of the proceedings in which relator entered his guilty plea in Arizona is somewhat sketchy. The relevant portion of the Clerk's minutes of December 18, 1948, states:

> "Defendant is present and states that he does not [sic] to be represented by counsel. Defendant states his true name is Robert Francis Urbano.

> The information is read to Defendant and he enters plea of guilty to burglary in the First Degree, a felony, as charged in the information."

Obviously, at least one word has been omitted between "not" and "to" in the first sentence quoted above. Speculation as to whether the missing word or words indicated that relator did not "want," "have the funds," or "know that he had the right" to be represented by counsel, is an activity doomed to futility and one in which this Court will not engage. In any event, the decision here does not rest on the identity of the missing word or phrase or even on the fact that a word or phrase is missing.

Relator admits that he is unable to recall precisely what occurred and was said on that day. However, he contends, and not without some force, that this record is insufficient to demonstrate that his waiver, if in fact there was a waiver, constituted the "intentional relinquishment or abandonment of a known right" required by Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938).

In 1948, Arizona law required that a defendant be advised of his right to counsel before arraignment.[3] Therefore, reasoned the Arizona Supreme Court, relator must have been advised of his right to counsel. Further, the same court found that the record quoted above established that he waived that right. In so deciding, the Supreme Court of Arizona had no more evidence to consider than this Court does now. These findings are not binding upon this Court. As Chief Justice Warren wrote in Townsend v. Sain, *supra*, 372 U.S. at 318, 83 S.Ct. at 760:

> "Although the district judge may, where the state court has reliably found the relevant facts, defer to the

3. "Before the defendant is arraigned on a charge of felony if he is without counsel the court shall, unless the defendant object assign him counsel to represent him in the cause." Arizona Code Annotated § 44-904 (1939).
"If the defendant appear for arraignment without counsel, he shall be informed by the court that it is his right to have counsel before being arraigned, and shall be asked if he desires the aid of counsel; if he desires counsel, and declares upon examination by the court, under oath, that he has no means to employ the same, the court, in its discretion, may assign one or more attorneys at law to that duty." *Id.* § 44-905.
Even if Arizona law had not so provided, Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), would require that this Court grant relator such a right *nunc pro tunc*, since *Gideon* applies retroactively. Doughty v. Maxwell, 376 U.S. 202, 84 S.Ct. 702, 11 L.Ed.2d 650 (1964), rev'g Dought v. Sacks, 175 Ohio St. 46, 191 N.E.2d 727 (1963); Palumbo v. New Jersey, 334 F.2d 524 (3d Cir. 1964); United States ex rel. Craig v. Myers, 329 F.2d 856 (3d Cir. 1964).

state court's findings of fact, he may not defer to its findings of law. It is the district judge's duty to apply the applicable federal law to the state court fact findings independently. The state conclusions of law may not be given binding weight on habeas."

This Court will now assume that duty, cognizant of Mr. Justice Black's recent reiteration of the principle of Johnson v. Zerbst, 304 U.S. at 464, 58 S.Ct. at 1019, that "the courts must indulge every reasonable presumption against the loss of important constitutional rights." Illinois v. Allen, 397 U.S. 337, 343, 90 S. Ct. 1057, 1060, 25 L.Ed.2d 353 (1970).[4]

■ The threshold question revolves around the issue of burden of proof. Where the record is "silent," *i. e.*, where the record does not explicitly reflect that an accused was offered and declined the assistance of counsel, the burden is on the respondent to demonstrate that the relator's waiver of counsel was an informed waiver in terms of Johnson v. Zerbst, supra. In Carnley v. Cochran, 369 U.S. 506, 517, 82 S.Ct. 884, 890, 8 L.Ed.2d 70 (1962), Mr. Justice Brennan, for an unanimous Court, wrote:

"Presuming waiver from a silent record is impermissible. The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver."

Where the record is not "silent," then the relator must assume the "burden of showing, by a preponderance of the evidence, that he did not intelligently or

understandingly waive his right to counsel." Moore v. Michigan, 355 U.S. 155, 161–162, 78 S.Ct. 191, 195, 2 L.Ed.2d 167 (1957).

Although no guilty plea was entered in *Carnley*, the Court, discussing Rice v. Olson, 324 U.S. 786, 65 S.Ct. 989, 89 L. Ed. 1367 (1945), said:

"[A]lthough the Fourteenth Amendment would not countenance any presumption of waiver from the appearance of the accused without counsel and the silence of the record as to a request, the entry of a guilty plea might have raised a fact question as to whether the accused did not intelligently and understandingly waive his constitutional right."

369 U.S. at 515, 82 S.Ct. at 890. While it might be possible to attempt to distinguish *Carnley* on the basis of the absence of a guilty plea, such a differentiation would not be persuasive. Although *Gideon* did not involve a guilty plea, the principle announced in that case has been applied with equal force to cases involving pleas. *See, e. g.*, Palumbo v. State of New Jersey, *supra;* United States ex rel. Craig v. Myers, *supra.* The Supreme Court has recognized that expert advice in deciding whether or not to plead guilty is invaluable (and perhaps indispensible) with the observation that "an intelligent assessment of the relative advantages of pleading guilty is frequently impossible without the assistance of an attorney * * *." Brady v. United States, 397 U.S. 742, 748 n.6, 90 S.Ct. 1463, 1469, 25 L.Ed.2d 747 (1970). In Wright v. Dickson, 336 F.2d 878 (9th Cir. 1964), cert. denied, 386 U.S. 1012, 87 S.Ct. 1360, 18 L.Ed.2d 444 (1967),

4. *Allen* was one of four cases in which the United States Supreme Court carefully scrutinized the broad question of waiver of defendants' constitutional rights last term. The other three cases, all involving waiver in the context of guilty pleas, were: Parker v. North Carolina, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970); McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); and Brady v. United States,

397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). *See also* Tigar, Foreword: Waiver of Constitutional Rights: Disquiet in the Citadel, 84 Harv.L.Rev. 1 (1970).

The inquiry into waiver of constitutional rights and the guilty plea process was continued this term with the decision in North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

the Ninth Circuit quoted with approval the following language:

"It is internally illogical to presume a waiver of the right to have counsel appointed from an act which can only be intelligently exercised with the aid of counsel."

*Id.* at 883, quoting 31 U.Chi.L.Rev. 591, 601 (1964). At least one Third Circuit Judge agreed. In United States ex rel. Grays v. Rundle, 428 F.2d 1401 (3d Cir. 1970), the Court overruled the presumption in favor of the relator that a guilty plea was made knowingly and intelligently. The late Judge Freedman, concurring, added:

"If [the accused] had no counsel, the rule should remain as in [previous Third Circuit decisions] that the burden of proof is on the [respondent] to show that the plea was knowingly and voluntarily made."

*Id.* at 1406.

■ The Arizona Supreme Court did not feel that the record was silent within the meaning of *Carnley.* With all due deference, this Court cannot agree. In reconciling *Carnley* with Moore v. Michigan, *supra,* the Supreme Court stated that a record was silent unless it "showed clearly that the [relator] had expressly declined an offer of counsel by the trial judge." 369 U.S. at 516, 82 S. Ct. at 890. On the record here, it cannot be said that there was such an express refusal. Therefore, since the record is silent, the burden must fall on the respondent to show an informed waiver of the right to counsel.

■ Although there is no record which demonstrates that relator was advised of his right to counsel, the Supreme Court of Arizona found that since the Court was required to advise an accused of his right to counsel under applicable Arizona law, then relator must have had the advantage of such advice. From this finding, this Court must again respectfully dissent and instead adopts the view of the Tenth Circuit that:

"The situation is either that [relator] was not properly advised of his consti-

tutional and statutory rights in the [state court] proceedings or that the [state] court did not keep a complete record of those proceedings. When a record fails to show affirmatively that the required safeguard are provided, their existence may not be inferred from a general statement of practice. Even if [relator] was advised of his right to counsel, nothing in the record * * * established that he knowingly and voluntarily waived that right."

Browning v. Crouse, 356 F.2d 178, 180 (10th Cir. 1966).

■ With regard to the application of the requirement of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L. Ed.2d 274 (1969), that the court must conduct an investigation on the record to assure that a guilty plea is made knowingly and voluntarily, this Court agrees with the Arizona Supreme Court's ruling that "[*Boykin*] does not affect this case." The rule is the same in the Third Circuit as in the State of Arizona: *Boykin* does not apply retrospectively. *Compare* United States ex rel. Wiggins v. Pennsylvania, 430 F.2d 650 (3d Cir. 1970), *and* United States ex rel. Hughes v. Rundle, 419 F.2d 116 (3d Cir. 1969), *with* State v. Griswold, 105 Ariz. 1, 457 P.2d 331 (1969). However, as the Third Circuit observed in United States ex rel. Fear v. Pennsylvania, 423 F.2d 55, 56 (3d Cir. 1970):

"[T]he mere fact that relator in the present case was tried before the effective date of *Boykin* (June 2, 1969) does not deprive him of the right to a hearing on the claim that his guilty plea was constitutionally infirm."

*Boykin* did no more than establish a procedure to insure that courts comply with the *Johnson* standard; the standard itself remains the same whether the accused was tried before or after *Boykin* was decided.

For the foregoing reasons, respondent has failed to demonstrate that relator's waiver, if it occurred, met the *Johnson* standard; relator's plea, therefore, was null and void. In light of the mandate

of 28 U.S.C. § 2243 that this Court "dispose of the matter as law and justice require," it is ordered that the 1948 conviction shall be a nullity and shall not be considered with respect to relator's eligibility for parole, for purposes of determining whether or not relator should be paroled, or for any other purpose.

