127 N.J. Super. 327 (1974)
317 A.2d 390
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
OSCAR McGREW, JR., DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued February 26, 1974.
Decided March 25, 1974.
*328 Before Judges CARTON, LORA and SEIDMAN.
Mr. Wilbert J. Martin, Jr., argued the cause for appellant.
Mr. William F. Hyland, Attorney General of New Jersey, attorney for respondent, submitted on brief (Mr. George F. Kugler, Jr., former Attorney General of New Jersey, and Mr. Julian Wilsey, Deputy Attorney General, on the brief).
The opinion of the court was delivered by SEIDMAN, J.A.D.
In December 1972 defendant was found guilty in municipal court of operating a motor vehicle while under the influence of intoxicating liquor, contrary to N.J.S.A. 39:4-50(a). When he appeared later for sentence, a record was produced of a conviction for drunk driving in 1966. The municipal court judge declined to receive offered testimony that defendant was indigent at the time and had not been advised of his right to free counsel (case law then did not so provide), and imposed the mandatory three-month term of imprisonment and revocation of driving privileges for ten years.
On appeal to the County Court, limited to the sentence, the trial judge permitted defendant to testify to his alleged indigency and lack of counsel on the prior occasion, but ruled that the evidence was not material to a determination of the propriety of the sentence and affirmed.
Defendant argues on this appeal, as he did below, that because of his indigency at the time of the earlier conviction, and the failure to furnish him counsel, he should not now receive the mandatory statutory sentence as a second offender. We disagree.
In the case of Rodriguez v. Rosenblatt, 58 N.J. 281, 295 (1971), it was held that in municipal court matters involving disorderly conduct or other petty offenses,
* * * as a matter of simple justice, no indigent defendant should be subjected to a conviction entailing imprisonment in fact or other consequence *329 of magnitude without first having had due and fair opportunity to have counsel assigned without cost.
The court noted that the case of State ex rel. Argersinger v. Hamlin, 236 So.2d 422 (Fla. Sup. Ct. 1970), cert. granted 401 U.S. 908, 91 S.Ct. 887, 27 L.Ed.2d 805 (1971), was before the United States Supreme Court, and said that pending further enlightenment there would be "no inflexible constitutional compulsion" to assign counsel without cost in the municipal court in disorderly conduct and other petty cases, 58 N.J. at 294, and that the municipal court judges would have broad discretion to assign counsel whenever justice so required.
Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972), held that "absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial."
Although under Rodriguez, "whenever the particular nature of the charge is such that * * * other consequence of magnitude is actually threatened or is a likelihood on conviction, the indigent defendant should have counsel assigned to him unless he chooses to proceed pro se with his plea of guilty or his defense at trial," 58 N.J. at 295, it is clear from Argersinger that an indigent's right to counsel in municipal court cases does not attain constitutional dimension unless conviction may lead to imprisonment. In other matters the assignment of counsel represents the kind of policy ruling which, "though not constitutionally or legislatively compelled, [has] served to protect the proper interests of the defendant and to advance the sound administration of justice in our courts." 58 N.J. at 294.
In this case, the fact is that defendant's first conviction did not result in a custodial sentence; consequently, he cannot now claim the denial of a constitutional right. Moreover, there is nothing in Rodriguez to suggest an intent that the holding should apply retroactively. It should be observed *330 that in Berry v. Cincinnati, 414 U.S. 29, 94 S.Ct. 193, 38 L.Ed.2d 187 (1973), Argersinger was given retroactive effect to persons convicted of misdemeanors only if they alleged a bona fide existing case or controversy sufficient to invoke federal court jurisdiction.
We perceive no need to determine at this time what should be done in second offender drunk driving cases where the defendant was jailed upon his conviction of the first offense. It can await an appropriate case. However, where, as here, imprisonment was not involved, and "the conviction was obtained as the result of a procedure not considered fundamentally unfair at that time, and subsequent judicial decisions cast no substantial doubts upon the reliability of the determination already made, no compelling reason exists for disturbing a decision no longer subject to direct appeal." State v. Johnson, 43 N.J. 572, 585 (1965). See also, State v. Hall, 89 N.J. Super. 361, 364 (App. Div. 1965); State v. Blanchard, 98 N.J. Super. 22, 30 (Law Div. 1967).
Defendant does not challenge the merits of the previous finding of guilt, nor does he contend that the result might have been otherwise had he had the assistance of counsel. He admits that he had been drinking and a police officer seems to have given sufficient testimony to support the conviction.
Thus, in the absence of "some countervailing considerations of `the deepest sentiments of justice'," State v. Johnson, supra 43 N.J. at 584, we hold that in a case such as the one before us a second conviction for driving while under the influence of intoxicating liquor mandates the imposition of a three-month term of imprisonment and revocation of license for 10 years, notwithstanding the fact that defendant, at the time of the earlier pre-Rodriguez conviction, was indigent and without counsel.
Affirmed.