190 N.J. Super. 516 (1983)
464 A.2d 1150
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
JAMES T. SWEENEY, SR., DEFENDANT-RESPONDENT. STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
TERRENCE BUCKLEY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted June 1, 1983.
Decided July 22, 1983.
*518 Before Judges MATTHEWS, ANTELL and FRANCIS.
Alvin G. Shpeen, Gloucester County Prosecutor, attorney for appellant (Lawrence Magid; Assistant County Prosecutor, of counsel and on the brief).
Donald C. Brown, attorney for respondent.
No brief was filed by respondent Buckley.
PER CURIAM.
These are virtually identical appeals arising from convictions for violations of N.J.S.A. 39:4-50. The State appeals in both cases. Since the legal issue involved in each case is the same, we consolidate them for the purposes of this opinion.

AS TO SWEENEY
Defendant was given a summons on March 8, 1982 for driving while under the influence of an intoxicating beverage. The case was heard in the Westville Municipal Court on July 14, 1982 where defendant was represented by counsel.
*519 After testimony, the municipal judge concluded that defendant was guilty as charged, and further found that defendant had a prior offense and, therefore, found defendant guilty as a second offender and sentenced him to a fine of $500 plus $15 court costs and a revocation of his driving privileges for three years. Defendant was also placed on probation for one year and he was also required to give community service for the hourly equivalent of 30 days. The municipal judge also permitted defendant to reapply to the court for reinstatement of his driving privileges at the end of two years, if he had proof of sobriety.
Defendant thereafter appealed to the Law Division. The appeal was heard de novo before Judge Bullock who also found defendant guilty of driving under the influence. He also found that it was a second offense but raised the issue, sua sponte, as to whether or not defendant was represented by counsel on his prior conviction.
Because he found there was no proof that defendant was represented by counsel at the prior proceedings he decided to sentence defendant as a first offender. He therefore sentenced defendant to six months revocation of his driving privileges together with a fine of $250 and costs of $15.

AS TO BUCKLEY
Terrence Buckley was arrested for driving under the influence of alcohol. He was tried and found guilty of driving under the influence in violation of N.J.S.A. 39:4-50 in the Harrison and South Harrison Townships Intermunicipal Court. Defendant was represented by counsel at that proceeding.
At sentencing the prosecutor informed the judge that defendant had a prior offense in 1968 and a prior offense in 1980. The prosecutor and defendant's attorney agreed that under the provisions of and for the purpose of sentencing under N.J.S.A. 39:4-50, the current violation was defendant's second offense. The judge imposed a fine of $500 with $15 court costs on *520 defendant and revoked his driver's license for two years. Defendant was placed on probation for one year and he was sentenced to do 30 days of community service.
Defendant had a de novo hearing before Judge Bullock in the Law Division, Gloucester County. He was again represented by counsel. The judge found defendant guilty of driving while under the influence. The judge raised a question, however, concerning the sentencing of defendant as a second offender. He was informed by defendant's counsel that the basis for finding that defendant was a second offender was an abstract from the Department of Motor Vehicles which indicated that Mr. Buckely had a previous offense.
The judge noted that there was nothing in the record to indicate that defendant had been represented by counsel at the time of his prior conviction, and refused to sentence defendant as a second offender under N.J.S.A. 39:4-50. Defendant was sentenced as a first offender, and received a $250 fine with $15 court costs. Defendant's license was revoked for six months.
The issue is identical in both cases. The convictions are not being challenged; the State challenges the sentences imposed on Sweeney and Buckley.
We conclude that the Law Division judge erred in both of these cases by not considering the prior conviction of each of the defendants for sentencing purposes under N.J.S.A. 39:4-50. Of primary importance is the fact that the sentences imposed on these defendants by the municipal court judge did not involve a custodial sentence. Both defendants were sentenced to, among other things, probationary terms and terms of community service. Neither defendant was sentenced to jail. Thus, these defendants had no right to counsel under the Sixth and Fourteenth Amendments to the federal Constitution.
A prosecution for driving under the influence of alcohol is in the nature of a quasi-criminal offense. State v. DiCarlo, 67 N.J. 321, 327 (1975); State v. Lanish, 103 N.J. Super. 441, 443 (1968), aff'd o.b. 54 N.J. 93 (1969). While imprisonment *521 is an authorized penalty under N.J.S.A. 39:4-50, even for a first offense, such a penalty is not mandatory, even for a second offense. Neither defendant was sentenced to imprisonment and, therefore, the federal Constitution does not bar the use of a prior conviction for driving under the influence for the purpose of imposing an enhanced noncustodial sentence upon a second conviction for driving under the influence. See Scott v. Illinois, 440 U.S. 367, 373-374, 99 S.Ct. 1158, 1161-1162, 59 L.Ed.2d 383 (1979). In Scott, the Supreme Court held that "the Sixth and Fourteenth Amendments to the United States Constitution require only that no indigent criminal defendant be sentenced to a term of imprisonment unless the State has afforded him the right to assistance of appointed counsel in his defense." Id. at 373-374, 99 S.Ct. at 1161-1162.
Defendant Sweeney relies on Baldasar v. Illinois, 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980), for the proposition that a constitutionally valid uncounseled conviction for driving under the influence of alcohol may not be used to subject a defendant to an enhanced noncustodial sentence upon a second conviction for driving under the influence of alcohol. Baldasar does not stand for such a broad proposition and does not present a bar to the sentences imposed by the municipal court judge in these cases since no prison terms were imposed on these defendants.
Baldasar involved criminal proceedings and the cases before us are not, strictly speaking, criminal proceedings. See State v. Di Carlo, 67 N.J. at 327; State v. Macuk, 57 N.J. 1, 9-10 (1970); State v. Roth, 154 N.J. Super. 363, 366 (App.Div. 1977). Moreover, the defendant in Baldasar was sentenced as a felon to a substantial prison term. Neither defendant in the present cases was sentenced to a custodial term by the municipal courts. Thus, the factual settings in these cases are decidedly different from Baldasar.
In Baldasar defendant had been convicted of misdemeanor theft in Cook County Circuit Court in May 1975. Defendant was not represented by counsel at that proceeding and he did *522 not formally waive any right to counsel. Defendant was fined $159 and sentenced to one year of probation. In November 1975, defendant was charged with stealing a $29 shower head and was convicted of that charge by a jury. He was sentenced to prison for one to three years as a felon under an Illinois statute which provided:
[T]heft "not from the person" of property worth less than $150 is a misdemeanor punishable by not more than a year of imprisonment and a fine of not more than $1,000. Ill. Rev. Stat., ch. 38, §§ 16-1(e)(1), 1005-8-3(a)(1), 1005-9-1(a)(2) (1975). A second conviction for the same offense, however, may be treated as a felony with a prison term of one to three years. § 1005-8-1(b)(5). [446 U.S. at 223, 100 S.Ct. at 1585]
Defendant appealed his sentence claiming that his first uncounseled conviction could not be used for enhanced sentencing purposes. The Illinois Appellate Court affirmed the sentence and the Supreme Court of Illinois denied leave to appeal. The United States Supreme Court granted certiorari and reversed and remanded the case to the Illinois Appellate Court.
There was no majority opinion in Baldasar. Justice Stewart authored an opinion, joined by Justices Brennan and Stevens, which relied on the Supreme Court's decision in Scott. He considered that the defendant's increased prison term, resulting from his prior uncounseled conviction, was a violation of the constitutional rule announced in Scott. 446 U.S. at 224, 100 S.Ct. at 1586.
Justice Marshall wrote a concurring opinion, also joined by Justices Brennan and Stevens in which he expressed the view that, as a result of Scott, defendant Baldasar's prior uncounseled misdemeanor conviction could not be used collaterally to impose an increased term of imprisonment upon a subsequent conviction. Baldasar v. Illinois, 446 U.S. at 225-226, 100 S.Ct. at 1586-1587. Justice Marshall wrote that even though Baldasar's prior conviction was constitutionally valid (since no prison term was imposed), it was "not valid for all purposes." Id. at 226, 100 S.Ct. at 1587. He was concerned by the fact that only because of the prior uncounseled conviction, defendant received a sentence that could have resulted in imprisonment for two years in *523 excess of the prison term that could otherwise have been imposed on the most recent conviction. Id.
He concluded that a conviction which is invalid for purposes of imposing a sentence of imprisonment for the offense itself remains invalid for purposes of increasing a term of imprisonment for a subsequent conviction under a repeat-offender statute. Id. at 228, 100 S.Ct. at 1588.
None of the views expressed by the justices precludes using the present defendants' prior convictions to impose enhanced noncustodial penalties for a second driving under the influence conviction. The overriding concern in the several Baldasar opinions was the actual imposition of a custodial term without having had the benefit of counsel at the first conviction. We note also that second offenders cannot receive more than a 90-day prison sentence under N.J.S.A. 39:4-50. Therefore, under the views of the Justices in the Baldasar plurality, the present defendants had no constitutional right to counsel in the most recent proceedings below.
We find that Baldasar does not apply to the cases we are considering, and that there is no federal constitutional bar to using these defendants' prior convictions (which may or may not have been uncounseled) to impose enhanced noncustodial second offender penalties pursuant to N.J.S.A. 39:4-50.
A similar result was reached by the Wisconsin Supreme Court in State v. Novack, 107 Wis.2d 31, 318 N.W.2d 364 (1982). In Novack, the defendant was convicted in the circuit court for operating a motor vehicle while under the influence of an intoxicant. 318 N.W.2d at 365. Defendant was sentenced to five days in jail and he appealed the jail sentence. Id. The Wisconsin Court of Appeals affirmed the decision of the circuit court as did the Wisconsin Supreme Court. Id., 318 N.W.2d at 365, 370.
In Novack, the defendant had been convicted of driving under the influence of an intoxicant within five years of the conviction for which he was being sentenced in that case. It was stipulated *524 that the defendant did not have an attorney in the proceedings which resulted in the earlier conviction. Id., 318 N.W.2d at 366.
Novack contended that he should not have been subjected to the statutorily required jail sentence because he did not have counsel in the case resulting in his first conviction. He relied on Baldasar.
The Novack court stated:
The issue in this case is: Does imposition of five days incarceration as punishment for having been twice convicted within a five year period of operating a motor vehicle while under the influence of an intoxicant, violate defendant's constitutional rights under the sixth and fourteenth amendments to the United States Constitution and article 1, section 7 of the Wisconsin Constitution, where the first conviction was obtained under a municipal ordinance and the defendant did not have an attorney at that time. We hold that the constitutional rights of a defendant represented by counsel in proceedings leading to a second conviction of violating section 346.63(1), Stats., are not violated when he is incarcerated pursuant to section 346.65(2)(a)(2), Stats. 1979-80, even though he did not have counsel in the proceedings leading to his initial conviction which subjected him to a civil forfeiture. [318 N.W.2d at 365-366]
The question remaining then is whether State law bars the use of a prior uncounseled conviction for the purpose of imposing enhanced noncustodial penalties under N.J.S.A. 39:4-50.
R. 3:27-2 provides for a right to counsel for certain nonindictable offenses. In Rodriguez v. Rosenblatt, et al., 58 N.J. 281 (1971), the Supreme Court held that "as a matter of simple justice, no indigent defendant [sic] should be subjected to a conviction entailing imprisonment in fact or other consequence of magnitude without first having had due and fair opportunity to have counsel assigned without cost." Id. at 295. Thus, where a defendant is in danger of incurring a substantial loss of driving privileges as a result of an alleged motor vehicle violation, he is entitled to counsel. See Rodriguez, 58 N.J. at 295; Pressler, Current N.J. Court Rules, Comment R. 3:27-2 (1982). The State concedes that both of these defendants were entitled *525 to be represented by counsel at their prior convictions for driving under the influence of alcohol. The record in each of these cases does not disclose whether Sweeney or Buckley was represented by counsel at his prior conviction in 1975 and 1980, respectively. Neither defendant raised the issue in municipal court, but Judge Bullock raised the issue on his own at the de novo proceedings in each of these cases. In doing so the judge failed to recognize that the defendants had the burden of establishing, for sentencing purposes, the lack of legal representation at their prior convictions. Cf. State v. Garcia, 186 N.J. Super. 386, 389 (Law Div. 1982) (burden of proving fact of non-representation for sentencing purposes is on defendant).
In State v. Bowman, 131 N.J. Super. 209 (Cty.Ct. 1974), aff'd 135 N.J. Super. 210 (App.Div. 1975), the defendant was convicted in municipal court and sentenced as a second offender under the Compulsory Motor Vehicle Insurance Law for operating a motor vehicle without having the required motor vehicle liability insurance coverage (N.J.S.A. 39:6B-2). He was sentenced to 90 days in the county jail plus $15 costs. 131 N.J. Super. at 210. On appeal to the Law Division, his conviction and sentence were affirmed. On that appeal, defendant argued for the first time that his conviction as a second offender was void because the State had failed to prove he knowingly waived his right to counsel when he pleaded guilty at his first conviction. The Law Division judge refused to recognize the argument because it was outside the record but noted that it was of no merit. 131 N.J. Super. at 215. On appeal to this court the defendant raised the argument again. Bowman, 135 N.J. Super. at 211. We affirmed the conviction and sentence and noted:
[W]e find no basis for the claim raised for the first time in the County Court and again urged on this appeal, that defendant's conviction as a second offender is void because the State failed to prove he knowingly waived his right to counsel when he pleaded guilty in the Brielle Municipal Court. The certification by the judge of that court, submitted following an order enlarging the appellate record, clearly shows that defendant was advised of his right to counsel and knowingly waived it before he pleaded guilty. [135 N.J. Super. at 211]
*526 While it is appropriate to require the State to prove a prior conviction if it seeks second offender penalties under N.J.S.A. 39:4-50, Bowman stands for the proposition that if a defendant wishes to challenge the use of a prior motor vehicle law conviction for enhanced sentencing purposes under a motor vehicle statute, he has the burden of demonstrating that the conviction is invalid for sentencing purposes. A defendant, in such circumstances, is in a better position to provide the court with information surrounding the prior convictions.
Defendant Sweeney cites United States ex rel. Urbano v. Yeager, 323 F. Supp. 774 (1971), and argues that the State should have the burden of showing that a defendant knowingly waived his right to counsel. But Yeager is distinguishable because while it is true that the burden was placed on the government to show an informed waiver of counsel where the record is silent, the Yeager court was protecting the defendant's constitutional right to counsel under the Sixth Amendment. Id. at 777. As noted above, these defendants had no constitutional right to counsel at their prior convictions, or, for that matter, during the present proceedings.
Judge Bullock's actions in these cases are difficult to understand. Essentially, he placed the burden on the State to show not only that these defendants had prior convictions, but also that these defendants had counsel when the prior convictions were obtained. Since neither defendant challenged the validity of his prior conviction, we cannot perceive what the judge considered troublesome in the context of these cases.
In State v. McGrew, 127 N.J. Super. 327 (App.Div. 1974), defendant was found guilty in municipal court of driving under the influence of alcohol and was sentenced as a second offender to a mandatory three-month jail term. He also had his license suspended. Id. at 328. The municipal court judge refused to hear testimony that the defendant was indigent and had not *527 been advised of his right to counsel at the time of his first conviction. Id. Such testimony was permitted on appeal to the county court but that court affirmed the sentence.
Defendant appealed to this court, claiming that he should not receive the mandatory statutory sentence as a second offender because he was indigent and not furnished with counsel at his first conviction. Id.
We affirmed the sentence in McGrew, and noted that defendant's first conviction did not result in a custodial sentence, and thus no constitutional right was impinged upon. Id. at 329. We further noted that that defendant's first conviction had occurred prior to the decision in Rodriguez v. Rosenblatt, supra, 58 N.J. 281, and the court determined that there was no reason to apply Rodriguez retroactively. The Court recognized that the right to counsel afforded by Rodriguez was a policy decision made by the Supreme Court and not a right of constitutional dimension. State v. McGrew, 127 N.J. Super. at 329. We also noted that defendant there was not challenging the merits of the prior conviction and that evidence in the case indicated that the prior conviction was reliable:
Thus, in the absence of "some countervailing considerations of `the deepest sentiments of justice'," State v. Johnson, supra 43 N.J. [572] at 584, we hold that in a case such as the one before us a second conviction for driving while under the influence of intoxicating liquor mandates the imposition of a three-month term of imprisonment and revocation of license for 10 years, notwithstanding the fact that defendant, at the time of the earlier pre-Rodriguez conviction, was indigent and without counsel. [127 N.J. Super. at 330]
McGrew controls the present appeals. Baldasar does not appear to have overruled it.
We reverse the judgment of sentence in each case. We find that these defendants' prior convictions were valid for second offender sentencing purposes under N.J.S.A. 39:4-50, and we reinstate the sentences imposed by the municipal courts on each defendant.