230 N.J. Super. 402 (1989)
553 A.2d 844
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
DENNIS CAREY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted January 10, 1989.
Decided January 30, 1989.
*403 Before Judges PRESSLER, O'BRIEN and STERN.
Francis X. Moore, attorney for appellant (Michael R. Speck on the letter brief).
John Kaye, Monmouth County Prosecutor (Mark P. Stalford, Assistant Prosecutor, of counsel; Thomas J. Catley, on the letter brief).
The opinion of the court was delivered by STERN, J.A.D.
The critical issue in this case is whether defendant was properly sentenced as a second offender upon his plea of guilty in the Tinton Falls Municipal Court for driving while intoxicated, in violation of N.J.S.A. 39:4-50. We conclude that defendant was improperly convicted as a second offender and remand for resentencing.
*404 On June 30, 1987 defendant appeared with counsel before the municipal court and defendant pled guilty to violating N.J.S.A. 39:4-50 and another offense. He indicated that he was doing it "conditionally under R. [3:9-3]," premised on a finding that he was a first offender.[1]
Defendant took the stand in support of his claim that he was uncounselled at the time of his prior drunk driving conviction. He testified that on January 23, 1979 he appeared in the Weehawken Municipal Court and, while waiting to be reached, was approached by the arresting officer. Defendant explained that the officer offered him a deal involving merger of offenses and dismissal of charges against others in exchange for his guilty plea to two offenses including drunk driving. The following colloquy was then developed between defendant and his counsel at the 1987 proceedings regarding the 1979 plea:
Q. As a result of the discussion with the officer when you appeared before the court, did you have an attorney to advance your plea at that moment?
A. No, we didn't have an attorney with us.
Q. And when you did, did it come about exactly as the officer said it would come about?

*405 A. Yes. We went into the courtroom. The Judge called us. And he said that he had, you know, heard the policeman's statements, and that he agreed on the merger of the two things. And that other people were found not guilty.
Q. And you were found guilty of,  you plead guilty to drunk driving?
A. I plead guilty.
The testimony was further developed as follows:
Q. And when the court session opened, do you recall whether or not any statements were made to the public generally that you were entitled to an attorney?
A. We weren't there when the Judge walked into the room, no.
Q. Okay. In any event, when they called you, tell us exactly what the Judge said to you when he called you.
A. He said, Mr. Carey, he said, I have a guilty plea entered here on your behalf. You know, from you he said, for [t]he two things, how do you plead, you know, to the two offenses?
And said, I plead guilty. And he said that the other people were dropped, you know, okay,  I accept the guilty plea, and dismiss the charges on the other parties.
........
Q. Okay. And at that the time they called you did they tell you that you were entitled to an attorney?
A. He called me for a guilty plea. No, he didn't ask me if I had an attorney with me, or anything.[2]
After hearing this testimony the judge reserved decision, and while the record does not contain his opinion or the sentence imposed in the municipal court, we learn from the appeal to the Law Division that the municipal court judge rejected defendant's arguments and imposed a fine of $500 and a $100 surcharge, revoked his driving privileges for two years and ordered that he perform thirty days of community service and serve 48 hours at an Intoxicated Driver Resource Center.[3]
*406 On appeal, the Law Division rejected defendant's argument that he should not be sentenced as a second offender. The judge acknowledged that defendant was entitled to the assignment of counsel at the disposition of his first drunk driving prosecution, citing Rodriguez v. Rosenblatt, 58 N.J. 281 (1971), but concluded that
... the presumption in my opinion of regularity that attaches to any court proceedings and certainly in municipal court proceeding[s] is not overcome by clear and convincing evidence nor is it even by a preponderance of evidence by the mere comment and testimony of a defendant that he was not advised of his rights by a particular judge.
That bold statement does not in my opinion overcome that strong, very strong presumption of regularity.
The court further concluded that, notwithstanding the destruction of the municipal court records since the time of the 1979 conviction, defendant did not satisfy his burden of proof. The judge stated that he had to presume, consistent with case law, that defendant was advised of his right to have assigned counsel if he cannot afford one and stated, independently, that under State v. Sweeney, 190 N.J. Super. 516 (App.Div. 1983), the absence of counsel at the time of the first disposition did not prohibit the enhanced penalty. The Law Division imposed the same sentence originally imposed by the municipal court.
Sweeney dealt with whether second offenders under N.J.S.A. 39:4-50 had to be sentenced as first offenders where they were not represented by counsel at the prior proceedings. In that opinion we concluded that because defendant was not sentenced to imprisonment "the federal Constitution does not bar the use of a prior conviction for driving under the influence for the purpose of imposing an enhanced non-custodial sentence upon a second conviction for driving under the influence." 190 N.J. Super. *407 at 521. See also Baldasar v. Illinois, 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980) reh. den. 447 U.S. 930, 100 S.Ct. 3030, 65 L.Ed.2d 1125 (1980). We concluded:
None of the views expressed by the justices [in Baldasar] precludes using the present defendants' prior convictions to impose enhanced non-custodial penalties for a second driving under the influence conviction. The overriding concern in the several Baldasar opinions was the actual imposition of a custodial term without having had the benefit of counsel at the first conviction....
We find that Baldasar does not apply to the cases we are considering, and that there is no federal constitutional bar to using these defendants' prior convictions (which may or may not have been uncounselled) to impose enhanced non-custodial second offender penalties pursuant to N.J.S.A. 39:4-50. 190 N.J. Super. at 523 (emphasis in original).
The Sweeney court also concluded that "the defendants had the burden of establishing, for sentencing purposes, the lack of legal representation at the prior convictions." 190 N.J. Super. at 525. See also id. at 526; State v. Bowman, 131 N.J. Super. 209 (Cty.Ct. 1974), aff'd, 135 N.J. Super. 210 (App.Div. 1975); State v. McGrew, 127 N.J. Super. 327, 329-30 (App.Div. 1974) (holding that Rodriguez v. Rosenblatt was not retroactive and that therefore defendant could be sentenced as a second offender when he was not assigned counsel at the time of his first conviction which occurred prior to the decision in Rodriguez and where the first conviction did not result in a custodial sentence).
In State v. Regan, supra, we were confronted with the same issue relating to enhanced punishment by reference to a prior out-of-state conviction. After concluding that the New York conviction could be considered as a prior offense, we further held that defendant could be constitutionally subject to an enhanced penalty based on that conviction. We noted that in Bowman, supra, the record had been enlarged to permit a certification by the judge who presided over the first proceedings indicating that defendant was advised of his right to counsel and knowingly waived that right. We continued:

*408 Moreover, since Bowman was decided, Baldasar made clear that defendant has the burden, for sentence purposes, of proving that the prior conviction was entered without the assistance of counsel and that defendant was indigent and did not waive the assistance of an attorney. See Baldasar v. Illinois, supra, 446 U.S. at 229, 100 S.Ct. at 1588, 64 L.Ed.2d at 175, (Marshall J. concurring at ftn. 3); State v. Garcia [186 N.J. Super. 386, 389 n. 4 (Law Division 1982)]. Here, the record is clear that defendant is now represented by private counsel and, particularly given the reasons expressed on the denial of his motion to vacate the New York conviction, we cannot presume that he could not afford counsel or did not waive his right to retain counsel there. 209 N.J. Super. at 606.[4]
Baldasar involved an indigent, and while this defendant is not now indigent, he may or may not have been indigent in 1979. However, a non-indigent defendant always has the right to retain counsel if he should so choose, and an indigent defendant has the right to assignment of counsel not only when charged with an indictable offense, R. 3:27-1, but also when charged with a non-indictable offense, "if indigent and constitutionally or otherwise entitled by law to counsel", R. 3:27-2; see also Rodriguez v. Rosenblatt, supra. Indeed, even before Rodriguez v. Rosenblatt was decided, R. 3:27-2 provided in pertinent part, as it does today, that "[e]very person charged with a non-indictable offense shall be advised by the court of his right to retain counsel or, if indigent and constitutionally or otherwise entitled by law to counsel, of his right to have counsel assigned without cost."
The "`substantial loss of driving privileges' is considered to be a consequence requiring the assignment of counsel" as announced in Rodriquez v. Rosenblatt, see Implementing Instructions, Memorandum of the Administrative Director of the Courts to the Assignment Judges and Municipal Court Judges *409 in "Supreme Court Establishes Right to Assigned Counsel in Petty Offenses," 94 N.J.L.J. 421 (1971); see also Rodriquez v. Rosenblatt, supra, 58 N.J. at 295; State v. Sweeney, supra, 190 N.J. Super. at 524-525. Therefore, defendant, if indigent, was entitled to the assignment of counsel at the time of his 1979 drunk driving conviction. Accordingly, we conclude that, irrespective of federal constitutional compulsion,[5] the policy announced in Rodriguez v. Rosenblatt, and adopted by R. 3:27-2, requires that a defendant may, so long as he sustains his burden of proof, successfully attack an enhanced penalty by showing (a) that he was indigent at the time of his prior New Jersey drunk driving conviction, if that conviction was entered after the date Rodriguez v. Rosenblatt was decided, and was not told of his right to counsel, or (b) that he was not indigent and was not advised, pursuant to R. 3:27-2, of his right to retain counsel. The policy embodied in Rodriguez and R. 3:27-2 would have no meaning or impact if our conclusion concerning prior New Jersey convictions were otherwise.
The State acknowledges that defendant was entitled to the assignment of counsel, if indigent, at the time of his plea before the Weehawken Municipal Court in 1979. The dispute in this case centers upon whether defendant satisfied his burden of proving an invalid prior conviction for purposes of the enhanced penalty. The State does not suggest that any other remedy should suffice if defendant satisfied his burden.
*410 Defendant has the burden of proving indigency and non-assignment without waiver, see State v. Sweeney, supra, 190 N.J. Super. at 516, 525; State v. Garcia, supra, or non-indigency and no advice regarding the right to retain counsel. Cf. State v. Regan, supra, 209 N.J. Super. at 606. If defendant sustains his burden he will be entitled to be sentenced as a first offender. See State v. Laurick, 222 N.J. Super. 636 (Law Div. 1987).
We are satisfied that the municipal court and Law Division both erred in imposing an enhanced sentence. It was improper to reject the defendant's testimony solely because Rodriquez required assignment of counsel at the 1979 proceedings. Our knowledge of the municipal court system precludes judicial notice that every municipal court scrupulously honored the dictates of Rodriquez in 1979. The efforts of the Supreme Court and Administrative Office of the Courts (AOC) led to personal visits by trial court administrators and AOC staff at least through 1981, in part to assure compliance. Moreover, educational programs were directed to judges and clerks on the subject. In any event, the record in this case does not justify the presumption used to overcome defendant's testimony that he was not advised of his right to counsel and did not waive it.
Accordingly, we reverse and remand for further proceedings in the Law Division, giving both parties the opportunity to supplement the record. We do not know what other proofs defendant can offer, and the State should have the opportunity to come forward with proofs in opposition, as it did in State v. Bowman, supra.
Reversed and remanded to the Law Division for further proceedings consistent with this opinion.
NOTES
[1] We do not now pass upon whether R. 3:9-3 applies in the municipal courts, particularly in the absence of the ability to dispose of cases by negotiated pleas in that jurisdiction. We note only that R. 7:4-2(b) regarding pleas does not incorporate the provisions of R. 3:9-2 and 3:9-3. We do not pursue these issues further because the State does not claim that the plea constituted a "waiver" of defendant's assertion concerning the enhanced penalty. Moreover, the issue is addressed to the sentence, not to any question which would otherwise arise before plea or verdict and which is otherwise traditionally waived by a guilty plea. We further note, although it was not raised in this case, that the guilty plea was entered without the court "first addressing the defendant personally and determining by inquiry of the defendant and of others in the court's discretion that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea and that there is a factual basis for the plea." R. 7:4-2(b). See also State v. Regan, 209 N.J. Super. 596, 606-607 (App.Div. 1986). We do not pursue any issue concerning the validity of the plea because we remand for other reasons and defendant can have the opportunity to address the plea on the remand, if he desires to do so.
[2] We do not comment upon whether the 1979 disposition violated the directive against negotiated pleas or dispositions in municipal court.
[3] At the municipal court level defendant agreed to surrender his license for six months pending decision on the enhanced penalty because that suspension would have been ordered even as a first offender. We do not address the sentence of defendant as a second offender because the issue is not raised before us and because we remand for resentencing. We note that the transcript does not refer to the I.D.R.C. service, but the judgment of conviction in the Law Division so reflects, and the Law Division judge indicated that he was imposing the same sentence as the municipal court. In any event, imprisonment for 48 hours or commitment to an inpatient rehabilitation program or IDRC is mandatory upon a second conviction. See N.J.S.A. 39:4-50(a)(2) and subsequent subparagraphs, 39:4-50(b), (f).
[4] The citations to footnotes in Baldasar and Garcia regarding the burden of proof were inadvertently wrong. However, the principle is correctly noted. See State v. Garcia, 186 N.J. Super. 386, 389 (Law Div. 1982) and cases cited therein.
[5] It is clear that Baldasar and federal constitutional law may not require this result because, given the actual sentences imposed, this defendant was not entitled to counsel as a matter of federal constitutional law at the time of either conviction and because no actual imprisonment or custodial sentence was imposed. The "confusion over Baldasar's holding has led to uneven application of that case and conflicting decisions ..." and "questions concerning Baldasar's scope and proper application." Moore v. Georgia, ___ U.S. ___, 108 S.Ct. 247, 98 L.Ed.2d 204, 205 (1987) (White, J. dissenting from denial of certiorari in drunk driving case). We need not pursue this question in light of state policy embodied in Rodriquez v. Rosenblatt.