WELLS, Plaintiff in error, v. STATE, Defendant in error.

No. State 40. *Argued November 1, 1968.—Decided November 26, 1968.*

(Also reported in 162 N. W. 2d 634.)

728

For the plaintiff in error there was a brief and oral argument by *Thomas W. Bertz* of Madison.

For the defendant in error the cause was argued by *Betty R. Brown,* assistant attorney general, with whom on the brief were *Bronson C. La Follette,* attorney general, and *William A. Platz,* assistant attorney general.

BEILFUSS, J. The defendant, in this court, has not pursued his claim that the evidence is insufficient to sustain the conviction. In any event, our review of the record convinces us that the evidence, clearly, is sufficient to sustain the conviction. He does adhere to his contention that the prosecutor's reference to the repeater charge at the *voir dire* was prejudicial error.

The first issue presented by defendant is whether an information which charges the repeater statute is pre-

sumptively void when the state fails to include an allegation that the defendant was either represented by counsel or had validly waived counsel at the prior trial.

It has been settled by the United States Supreme Court that a conviction in which the defendant was denied counsel or in which the defendant was not represented by counsel but had not waived the right to counsel would be void under the repeater statute. *Burgett v. Texas* (1967), 389 U. S. 109, 88 Sup. Ct. 258, 19 L. Ed. 2d 319. In *Burgett*, relied on heavily by plaintiff in error, the defendant was charged with attempted murder. Additionally charged, under the Texas recidivist statutes, were a Texas conviction and three Tennessee convictions for burglary. There was nothing in the certified records of two of the convictions to suggest that the defendant had validly waived counsel. At the trial the state offered evidence of the conviction which was objected to by counsel on the ground that some of the judgments on their faces showed that defendant had not been represented by counsel. After a hearing, the trial court struck the Texas and one Tennessee conviction because there was record evidence that no waiver had occurred. The other two charges were allowed, over objection, to remain. As to these convictions there was no evidence of waiver and, apparently, the trial court decided that in such cases it is presumed that counsel was validly waived.

In reversing, the United States Supreme Court, relying on *Gideon v. Wainwright* (1963), 372 U. S. 335, 83 Sup. Ct. 792, 9 L. Ed. 2d 799, stated:

"In this case the certified records of the Tennessee conviction on their face raise a presumption that petitioner was denied his right to counsel in the Tennessee proceeding, and therefore that his conviction was void. Presuming waiver of counsel from a silent record is impermissible. *Carnley v. Cochran,* 369 U. S. 506. To permit a conviction obtained in violation of *Gideon v. Wainwright* to be used against a person either to support guilt or enhance punishment for another offense

(see *Greer v. Beto,* 384 U. S. 269) is to erode the principle of that case. Worse yet, since the defect in the prior conviction was denial of the right to counsel, the accused in effect suffers anew from the deprivation of that Sixth Amendment right.

"The admission of a prior criminal conviction which is constitutionally infirm under the standards of *Gideon v. Wainwright* is inherently prejudicial and we are unable to say that the instructions to disregard it made the constitutional error 'harmless beyond a reasonable doubt' within the meaning of *Chapman v. California,* 386 U. S. 18." *Burgett v. Texas, supra,* pages 114, 115.

The instant case is distinguishable from *Burgett.* First, the state, here, made no attempt to offer evidence of the prior conviction. Second, the defendant, Wells, admitted the previous conviction. And third, there was no objection to the validity of the prior conviction on the ground that the record did not support the conclusion that the waiver was valid.

Defendant attempts to have an allegation, that at the prior conviction the defendant was present with or specifically waived counsel, made an essential element in the information. Nothing in sec. 939.62, Stats., suggests such an interpretation. Furthermore, the repeater statute does not define an offense but is treated as part of the criminal law regulating the sentence and judgment in cases where persons are guilty of successive repeated offenses. *Howard v. State* (1909), 139 Wis. 529, 121 N. W. 133.

The state argues that it is not necessary to indulge in the *Burgett* presumption because Wisconsin has, for some one hundred years [2] and long before the *Gideon Case,* recognized the right to counsel. Sec. 957.26 (1), Stats. Thus, where the previous conviction took place in this state, we are aware that the trial court was under a statutory obligation to advise the acccused of his right to counsel and to provide counsel in the case of indigency.

---

[2] *Dane County v. Smith* (1861), 13 Wis. 654 (* 585).

We do presume the trial court complied with the statute. However, the question of whether the accused validly waived his right to counsel can be raised. This becomes especially important in cases where the accused is of young age or low intelligence. It appears that the issue of whether or not the record supports a finding that the defendant's right to counsel had been violated would be a matter for the defense to set forth, presumably by a motion to dismiss the allegation.[3] The trial court could then proceed with a determination of the matter. Such a procedure would fairly protect the rights of the accused.

The next question is whether the comment by the state on *voir dire*, either by way of statement or by way of reading the entire information, was prejudicial. The answer must be in the affirmative.[4] In Wisconsin, when the prior conviction is admitted, the trial court may, in its discretion, increase the length of the sentence. In *State v. Meyer* (1951), 258 Wis. 326, 338, 339, 46 N. W. 2d 341, this court said:

" '. . . This provision also suggests that the legislature intended to give the accused an opportunity to avail himself of the right afforded by the law which, except in certain cases, excludes evidence of other offenses from being submitted to the jury as proof of the guilt of the accused of the specific offense for which he is on trial. It is beyond controversy that proof of former sentences of the accused must necessarily prejudice the minds of the jurors against his interest when trying him for the offense with which he is charged. It is therefore a reasonable inference from the legislative regulation giving the accused the privilege of admitting such former sentences on the trial that it was intended that evidence thereof should not be received after such admission, and that there was no issue respecting such allegations for submission to the jury. Though this practice and procedure is not formally inserted in the statute, it follows

---

[3] *See* sec. 955.09, Stats.

[4] However, as will be seen ante, the error has been waived.

by necessary implication in order to secure to the accused the rights manifestly contemplated by it.'

"In so considering the matter, Mr. Justice SIEBECKER said (p. 534) : 'We are of opinion that no evidence shall be received nor comment to the jury be permitted in cases wherein former convictions and sentences, as embraced in secs. 4736–4738, Stats. (1898), are alleged when the accused admits the truth thereof on the trial.' "

The contention of the defendant that he was prejudiced when the state on cross-examination asked if he had been convicted of previous offenses is without merit. When the defendant answered "Yes, sir," the state went no further in the matter. There was no objection to the question by defense counsel. In addition the court properly instructed the jury that the matter of prior crimes goes only to the credibility of the witness.

The last issue is whether the defendant waived objection to the errors complained of. One difficulty is that the discussion between the trial court and counsel was held off the record. After the jury returned its verdict of guilty and defendant moved for a new trial, the following occurred :

*"The Court:* Now, Mr. Smith, it is my very clear recollection that I discussed that with you and that you said you did not wish to have anything done about that before the testimony—wait a minute, now, wait a minute, it is quite clear to me that I told you that I thought that might be prejudicial and asked you to give some consideration to it and that you subsequently said that you did not wish to have this trial delayed. We discussed the fact that if that was grounds for a mistrial, that the defendant being in custody would mean this trial would have to be delayed and perhaps have to go over this term of these jurors and would mean the remaining in custody until a new jury panel was selected and it is my very clear recollection, Mr. Smith, you said because of those things you waived any error involved in the statement of the district attorney and requested that we go ahead with the trial. That's very clear to me. Do you deny that that happened ?

*"Mr. Smith:* If the court please, I would agree completely with your statement with the one qualification that I did not at any time say, nor did your Honor request, that I waive the error. In all other respects, Your Honor's memory coincides precisely with mine. We did discuss the matter. I did discuss it with the defendant as well. I did not state, nor did the court state in so many words at any time, that proceeding with the trial would constitute a waiver of that remark by counsel. Aside from that I would agree completely with your statement.

". . .

*"The Court:* . . . you adopted a deliberate strategy of going ahead with trial of this case, . . ."

Defendant contends that he did not realize that by proceeding he was waiving the error and, therefore, he did not realize he was abandoning a known right. He further argues that the decision to proceed was motivated by a fear of county jail confinement while awaiting a retrial. Thus, he concludes, there was no choice of strategy as there was in *State v. Strickland* (1965), 27 Wis. 2d 623, 135 N. W. 2d 295, because he was forced into the dilemma by the improper conduct of the state. In short, he is saying he did not waive the errors because the trial court did not specifically say, "if you proceed you have waived your objections."

Strictly speaking, this is not a case of simple waiver, that is, a loss of rights due to mere inaction. This is a case of election,—a deliberate selection made between known alternatives (also referred to as knowing and intelligent waiver and, sometimes, strategy).

Never once, prior to the verdict, did the defendant object to the statements nor did he move for a mistrial. The trial court specifically informed him that prejudice might be involved and asked him to give it consideration. The defendant, Wells, was present at all the proceedings. The decision to proceed was made with his knowledge and consent.

Defendant contends that the waiver was not voluntary because the  decision was motivated by fear of continued

jail confinement while awaiting a new trial. He cites *Moore v. Michigan* (1957), 355 U. S. 155, 78 Sup. Ct. 191, 2 L. Ed. 2d 167, and *Green v. United States* (1957), 355 U. S. 184, 78 Sup. Ct. 221, 2 L. Ed. 2d 199. Both of these cases deal with specific federal rights. Moore waived his right to counsel because of fear of a mob violence planted by the sheriff and he wished speedy removal from the area. *Green* held that former jeopardy is not waived by appeal where the jury has impliedly acquitted the accused of a greater offense, and the accused will not be required to stand a more harsh penalty because of his decision to appeal. In both cases the defendant complained because his rights were denied him. In the present case a remedy was clearly available,— mistrial because of the state's reference to the repeater charge. The remedy he had then he seeks now, but he never gave the trial court an opportunity to pass upon the issue. The defendant was virtually invited by the trial court to move for a mistrial. This was known to the defendant as well as his counsel. Under these circumstances the defendant cannot idly sit by without objection or motion awaiting the verdict and if it is not to his liking then make the motion he knowingly did not make at the proper time. This can be no more than a matter of trial strategy.

Even if the error had not been waived, defendant's remedy here would be a new trial on the counts upon which the jury found him guilty. He received concurrent sentences on these charges of only two and one and one-half years, and concurrent with the charge to which he pleaded guilty upon which he received a sentence of eight years. In such cases a new trial is not required. *Jensen v. State* (1967), 36 Wis. 2d 598, 153 N. W. 2d 566, 154 N. W. 2d 769.

*By the Court.*—Order affirmed.