STATE of Wisconsin, Plaintiff-Respondent,

v.

Frank G. NOVAK, Jr., Defendant-Appellant-Petitioner.

Supreme Court

*No. 81–538–CR. Argued March 31, 1982.—Decided April 27, 1982.*

(Also reported in 318 N.W.2d 364.)

For the defendant-petitioner there were briefs and oral argument by *Charles Bennett Vetzner,* chief, appellate division, office of state public defender.

For the plaintiff-respondent the cause was argued by *Jerome S. Schmidt,* assistant attorney general, with whom on brief was *Bronson C. La Follette,* attorney general.

DAY, J.   This is a review of a decision of the court of appeals which affirmed a judgment of the circuit court for Chippewa county, Hon. Richard H. Stafford, Judge, convicting Frank G. Novak, Jr. (hereinafter defendant) of operating a motor vehicle while under the influence of an intoxicant in violation of sec. 346.63(1), Stats. 1979–80,[1] and sentencing the defendant to five days in jail which sentence was stayed pending further order of the trial court.

The issue in this case is: Does imposition of five days incarceration as punishment for having been twice convicted within a five year period of operating a motor vehicle while under the influence of an intoxicant, violate defendant's constitutional rights under the sixth and

---

[1] "346.63   **Operating under influence of intoxicant.** (1) No person may drive or operate a motor vehicle while under the influence of an intoxicant or a controlled substance."

fourteenth amendments to the United States Constitution and article 1, sec. 7 of the Wisconsin Constitution, where the first conviction was obtained under a municipal ordinance and the defendant did not have an attorney at that time. We hold that the constitutional rights of a defendant represented by counsel in proceedings leading to a second conviction of violating sec. 346.63(1), Stats., are not violated when he is incarcerated pursuant to sec. 346.65(2)(a)2, Stats. 1979–80,[2] even though he

[2] "346.65 **Penalty for violating sections 346.62 to 346.64.** . . . (2)(a) Any person violating s. 346.63(1):

"1. Shall forfeit not less than $100 nor more than $500, except as provided in subd. 2 or 3.

"2. Shall be fined not less than $250 nor more than $1,000 and imprisoned not less than 5 days nor more than 6 months if the total of revocations under s. 343.305 and convictions for violation of s. 346.63(1) or local ordinances in conformity therewith equals 2 within a 5-year period, except that revocations and convictions arising out of the same incident or occurrence shall be counted as one. The 5-year period shall be measured from the dates of the refusals or violations which resulted in the revocations or convictions.

"3. Shall be fined not less than $500 nor more than $2,000 and imprisoned for not less than 30 days nor more than one year in the county jail if the total of revocations under s. 343.305 and convictions for violation of s. 346.63(1) or local ordinances in conformity therewith equals 3 or more within a 5-year period, except that revocations and convictions arising out of the same incident or occurrence shall be counted as one. The 5-year period shall be measured from the dates of the refusals or violations which resulted in the revocations or convictions.

"(b) Rehabilitation ordered and substantially complied with under s. 343.30(1q)(a) or a final determination by a court that the person does not need assessment based on a report that the person has completed the court-ordered attendance at a school under s. 345.60 may:

"1. When a forfeiture would otherwise be required under par. (a)1, be in lieu of all but the first $100 of the forfeiture.

"2. When fine and imprisonment would otherwise be required under par. (a)2, be in lieu of all or part of the imprisonment and all but the first $250 of the fine.

did not have counsel in the proceedings leading to his initial conviction which subjected him to a civil forfeiture. We therefore affirm the decision of the court of appeals which affirmed the judgment of conviction.

On October 20, 1980, a criminal complaint was issued charging defendant with operating a motor vehicle while under the influence of an intoxicant (hereinafter OWI) in violation of sec. 346.63'(1), Stats. The defendant pled guilty on December 3, 1980. At that hearing, in which defendant was represented by counsel, it was stipulated that defendant had been previously convicted within five years of OWI. It was also stipulated that defendant did not have an attorney in the proceedings which resulted in that earlier conviction.

Defendant pled guilty to the second OWI offense but argued that it would be improper to impose the jail sentence required by sec. 346.65(2)(a)2, Stats., upon conviction of a second OWI within a five-year period because he did not have counsel in the case resulting in his first conviction, relying on *Baldasar v. Illinois,* 446 U.S. 222 (1980). The trial court rejected this argument and sentenced defendant to five days in jail pursuant to sec. 346.65(2)(a)2. The sentence was stayed pursuant to sec. 346.65(2)(b)2, because of defendant's participation in a rehabilitation program.

Defendant appealed the part of the conviction which imposed the jail sentence to the court of appeals, which affirmed the circuit court decision. The defendant petitioned this court for review, which we granted.

Defendant argues that, under *Baldasar,* an uncoun-

---

"(c) Rehabilitation ordered and substantially complied with under s. 343.30(1q)(a) or a final determination by a court that the person does not need assessment based on a report that the person has completed the court-ordered attendance at a school under s. 345.60 may not be in lieu of any part of the imprisonment or fine ordered under par. (a)3."

selled civil forfeiture conviction may not be used to impose incarceration for a subsequent conviction. A first conviction of operating a motor vehicle while intoxicated subjects the person convicted to a civil forfeiture only. A second conviction within five years is a criminal misdemeanor requiring a minimum five-day jail sentence. Defendant does not contend that his lack of counsel in the case leading to his first conviction makes that conviction invalid for all purposes. Rather, he asserts that the absence of counsel in the case leading to his first conviction precludes using that conviction as the basis for subjecting him to incarceration as a repeat offender.

In *Gideon v. Wainwright,* 372 U.S. 335 (1963), the United States Supreme Court held that an accused in a criminal proceeding has a constitutional right to be represented by counsel. In *Burgett v. Texas,* 389 U.S. 109, 115 (1967), the United States Supreme Court held that a prior criminal conviction *obtained in violation of* the right to counsel set forth in *Gideon* could not be used to enhance the punishment imposed for a subsequent offense.

*Gideon* and *Burgett* involved felony convictions. However, the constitutional right to counsel was extended to defendants accused of misdemeanors in *Argersinger v. Hamlin,* 407 U.S. 25, 37 (1972). This extension was limited in *Scott v. Illinois,* 440 U.S. 367, 373–74 (1979), where the United States Supreme Court held that an accused misdemeanant was constitutionally entitled to counsel only if he was actually incarcerated as a result of the conviction. There was no constitutional right to counsel in misdemeanor cases where incarceration was authorized but not actually imposed. There were two dissenting opinions filed in *Scott.* The first, by Justice Brennan joined by Justices Marshall and Stevens, argued that criminal defendants were entitled to counsel in all cases where incarceration was authorized. 440 U.S. at

382. Justice Blackmun, in a separate dissent, argued for adoption of a "bright line" test where a criminal defendant is entitled to counsel if he is actually incarcerated or is prosecuted for an offense punishable by more than six months imprisonment.[3] 440 U.S. at 390.

*Baldasar,* 446 U.S. 222, upon which defendant principally relies, is the latest United States Supreme Court decision in this area. *Baldasar* involved an Illinois theft statute. A first conviction under the statute was a misdemeanor punishable by up to a year's imprisonment and a $1,000 fine. A second conviction of the same offense could be treated as a felony, punishable by a one to three year prison term. Mr. Baldasar had been convicted of misdemeanor theft in 1975 in a proceeding at which he was not represented by counsel. He was fined $159 and placed on probation. Since he was not actually incarcerated, this conviction was valid under *Scott.*

In 1976, Mr. Baldasar was again convicted of theft. After a jury trial, at which he was represented by counsel, he was convicted and sentenced as a second offender to one to three years imprisonment. He challenged the conviction and sentence on the ground that its felony status and the one to three year prison sentence imposed were due to his earlier uncounselled conviction, thereby violating *Gideon, Burgett* and *Scott.* The Illinois appellate court rejected this contention. He petitioned the United States Supreme Court, which granted *certiorari.*

The court reversed in a per curiam order. There was no majority decision, but rather three concurring opinions, authored by Justices Stewart, Marshall and Blackmun, and a dissent. Justice Stewart, who was a member

---

[3] The "bright line" test was derived from *Argersinger,* 407 U.S. 25 (right to counsel where incarceration actually imposed) and *Baldwin v. New York,* 399 U.S. 66 (1970), (Sixth Amendment right to jury trial applies to all nonpetty offenses, defined as those punishable by more than six months imprisonment.)

of the *Scott* majority, stated that since Mr. Baldasar was imprisoned in the second case only because of his previous unconselled conviction, the *Scott* "actual incarceration" rule required that the sentence imposed in the second case be overturned.

Justice Marshall who, along with Justices Brennan, Stevens and Blackmun had dissented in *Scott,* reiterated his dissatisfaction with that ruling but stated that even if one accepted the line drawn in *Scott,* a prior uncounselled misdemeanor conviction could not be used to impose an increased term of incarceration upon a subsequent conviction. Even though the earlier conviction was valid under *Scott* because incarceration was not actually imposed, it was invalid for the limited purpose of enhancing the prison sentence imposed by virtue of the defendant's status as a repeat offender, 446 U.S. at 225–26.

Justices Brennan and Stevens joined both of the above opinions. Justice Blackmun, the fifth vote, did not join either of the above concurring opinions, nor was his opinion joined by any of the other Justices. Justice Blackmun's separate concurrence reiterated the "bright line" test which he proposed in his *Scott* dissent.

The dissenting opinion, authored by Justice Powell, joined by Chief Justice Burger and Justices Rehnquist and White, stated that since defendant's first uncounselled conviction was valid under *Scott,* it was valid for all purposes, including increasing the term of incarceration imposed because of defendant's status as a repeat offender.

Because *Baldasar* is clearly pertinent to the case at hand, we must determine the rule of law of that case from its several opinions. *See* Note: *The Precedential Value of Supreme Court Plurality Decisions,* 80 Colum. L. Rev. 756 (1980) (hereinafter cited as *Plurality Decisions*) ; Note: *Plurality Decisions and Judicial Deci-*

*sionmaking,* 94 Harv. L. Rev. 1127 (1981). In *Marks v. United States,* 430 U.S. 188, 193 (1977), the United States Supreme Court held that the holding of a United States Supreme Court decision where no opinion commands the support of a majority of the Justices is the position taken by the Justices who base their acquiescence in the decision on the narrowest grounds. The rationale underlying this "narrowest grounds" interpretation of plurality decisions is that it constitutes a least common denominator upon which all of the Justices in the majority agree, even though some would support the decision on broader grounds.[4] However, there does not seem to be any such least common denominator among the *Baldasar* opinions that applies to the case before us.

The concurring opinions by Justices Stewart and Marshall which, between them, commanded the support of four Justices, declared that even if the first uncounselled conviction was valid under *Scott,* it could not provide the basis for imprisonment upon a subsequent conviction. The dissenting opinion stated that an uncounselled conviction which was valid under *Scott* was valid for all purposes, including enhancement of the sentence imposed upon a subsequent conviction. Thus, the court was evenly split four to four over whether an uncounselled conviction which was valid under *Scott* was valid for all purposes or invalid insofar as it provided the basis for

---

[4] The "narrowest grounds" approach to interpretation of plurality decisions was articulated in supreme court cases dealing with the constitutionality of the death penalty; *see Gregg v. Georgia,* 428 U.S. 152, 169 n. 15 (1976), and the applicable standards for judging obscenity; see *Marks,* 430 U.S. at 193. In both of these areas, the majority was comprised of some Justices who supported a broad, overall grant of protection, such as Justices Brennan and Marshall's opposition to the death penalty under any circumstance or Justices Black and Douglas's opposition to any restrictions whatsoever on speech, and others who supported the decision on more precise, narrow grounds. *See Plurality Decisions,* 80 Colum. L. Rev. at 761–65.

incarceration upon a subsequent conviction. Justice Blackmun did not reach the issue of whether a valid conviction under *Scott* was valid for all, or just some purposes, but, after quoting from his dissent in *Scott,* stated:

"I still am of the view that this 'bright line' approach would best preserve constitutional values and do so with a measure of clarity for all concerned. Had the Court in *Scott v. Illinois* adopted that approach, the present litigation, in all probability, would not have reached us. Petitioner Baldasar was prosecuted for an offense punishable by more than six months' imprisonment, and, under my test, was entitled to counsel at the prior misdemeanor proceeding. Since he was not represented by an attorney, that conviction, in my view, is invalid and may not be used to support enhancement.

"I therefore join the Court's *per curiam* opinion and its judgment." 446 U.S. at 230.

While the Justices who comprise the *Baldasar* majority agree that an uncounselled conviction of a crime punishable by over six months' imprisonment may not be used to enhance the sentence imposed upon a subsequent conviction, there is no agreement on the broader issue of whether an earlier uncounselled conviction which is valid because incarceration is not imposed is valid for all purposes or is invalid for the limited purpose of enhancing the sentence imposed upon a subsequent conviction.

Since defendant's initial conviction of operating a motor vehicle while intoxicated did not expose him to any term of imprisonment, the specific holding of *Baldasar* does not apply to this case.

We do not read *Baldasar* as holding that *no* uncounselled conviction may be used as the basis for imprisonment under a recidivist statute upon a subsequent conviction. The theory that a *valid* uncounselled conviction

may not be used for such purposes was subscribed to by only four Justices in *Baldasar*. While Justice Blackmun joined the majority, he did not join this "invalid for limited purposes" rationale. An indication that he would not hold that an otherwise valid conviction was invalid for certain purposes is that he authored the decision in *Lewis v. United States*, 445 U.S. 55 (1980), in which the court held that an uncounselled felony conviction could be used as the predicate for a conviction of possession of a firearm by a convicted felon in violation of 18 U.S.C. sec. 1202(a)(1). We conclude that under *Baldasar*, the sixth and fourteenth amendments to the United States Constitution do not preclude imposing incarceration upon a second OWI conviction where the defendant was not represented by counsel in the proceedings leading to the first conviction,[5] which was not a criminal offense but a mere civil forfeiture case.

The Wisconsin Constitution also does not provide a basis for overturning defendant's sentence. The right to counsel is contained in article I, sec. 7, of the Wisconsin Constitution, which states:

"**Rights of accused.** SECTION 7. In all criminal prosecutions the accused shall enjoy the right to be heard by himself and counsel; to demand the nature and cause of the accusation against him; to meet the witnesses face to face, to have compulsory process to compel the

---

[5] Even if we were to interpret *Baldasar* as defendant urges, we would still decline to overturn his sentence because there is nothing in the record to indicate that defendant was indigent and therefore entitled to representation of counsel at public expense in the proceedings leading to his first conviction. The burden of establishing "his inability at that time to hire an attorney" is on the defendant. *Kitchens v. Smith*, 401 U.S. 847–48 (1971); *see also, Loper v. Beto*, 405 U.S. 473, 501 (1972), *(Rehnquist, J. dissenting); Farrow v. United States*, 580 F. 2d 1339, 1355 (9th Cir. 1978); *Thomas v. Savage*, 513 F. 2d 536, 538 (5th Cir. 1975). There is nothing in the record to show that he has met this burden, and defendant's counsel so conceded at oral argument.

attendance of witnesses in his behalf; and in prosecutions by indictment, or information, to a speedy public trial by an impartial jury of the county or district wherein the offense shall have been committed; which county or district shall have been previously ascertained by law."

In *State ex rel. Winnie v. Harris,* 75 Wis. 2d 547, 556, 249 N.W.2d 791 (1977), this court declared that criminal defendants in Wisconsin state courts were entitled to counsel if the offense for which they were charged was punishable by imprisonment. Since defendant's first conviction was not punishable by imprisonment, the fact that he was not represented by counsel does not invalidate it. In *Wells v. State,* 40 Wis. 2d 724, 730, 162 N.W.2d 634 (1968), this court stated that a criminal conviction in which defendant was entitled to counsel, but neither waived this right nor was represented by counsel, was void for the purpose of a repeater statute.

This court has on occasion accorded criminal defendants a broader right to counsel in state courts than mandated by the United States Supreme Court under the fourteenth amendment to the United States Constitution. *State v. Doe,* 78 Wis. 2d 161, 171–72, 254 N.W.2d 210 (1977); *State v. Taylor,* 60 Wis. 2d 506, 522–23, 210 N.W.2d 873 (1973). However, we decline to extend the right to counsel to the extent urged by defendant. Since the first violation of sec. 346.63(1), Stats., is only a civil forfeiture, the accused violator is not constitutionally entitled to counsel. *State ex rel. Winnie,* 75 Wis. 2d at 556. If that person is charged with a subsequent violation of sec. 346.63(1) within a five-year period, he is entitled to counsel because of the possibility of incarceration under sec. 346.65(2)(a)2. Because the first conviction is valid, even absent counsel, it may be used as the basis for sentencing the defendant as a

repeat offender upon a subsequent conviction under sec. 346.65 (2) (a) 2.

Four of the nine Justices in *Baldasar* held that an earlier valid, albeit uncounselled, criminal conviction may not be used to enhance the penalty imposed upon a subsequent criminal conviction. We believe it would be poor public policy to expand that reasoning to include civil forfeiture drunk driving offenses. Were we to do so, the routine drunk driving first offense, often disposed of by bail forfeiture, or pleas of *nolo contendere* or guilty, would have to include an inquiry into the accused's right to counsel. The nonindigent defendant would have to either hire an attorney or convince the court that he is aware of both his rights and the penalties for subsequent convictions, and is knowingly waiving his right to counsel. Because the indigent defendant in such a case is not entitled to counsel at public expense, he would not be subject to the enhanced penalties for subsequent convictions mandated by sec. 346.65 (2) (a), Stats.

Accordingly, the only way to effectuate the sentencing provisions contained in sec. 346.65 (2) (a), Stats., would be to provide counsel, at public expense, for every indigent person accused of first offense drunk driving. This obligation, which is not constitutionally required, would be cumbersome and expensive. On balance, we hold that the increased costs involved in providing counsel at public expense, plus the increased burden on the courts of ensuring that such representation is provided, far outweigh any possible "benefits" such requirement would produce. We therefore decline to do so and hold that uncounselled drunk driving civil forfeiture convictions may be the basis for enhancing penalties in subsequent convictions for driving under the influence of an intoxicant, commonly referred to as "drunk driving."

In summary, we hold that defendant's first conviction under a civil forfeiture action of operating a motor

vehicle while intoxicated, at which he was not represented by counsel, is valid as incarceration was not authorized as a punishment. We further hold that such a conviction is valid for all purposes, including providing a basis for incarcerating defendant as a second offender pursuant to sec. 346.65(2)(a)2, Stats.

*By the Court.*—The decision of the court of appeals is affirmed.

CECI, J., took no part.

SHIRLEY S. ABRAHAMSON, J. *(dissenting)*. I agree with Justice Marshall's statement in *Baldasar v. Illinois,* 446 U.S. 222, 227–28 (1980) :

"We should not lose sight of the underlying rationale of *Argersinger,* that unless an accused has 'the guiding hand of counsel at every step in the proceedings against him,' *Powell v. Alabama,* 287 US 45, 69 (1932), his conviction is not sufficiently reliable to support the severe sanction of imprisonment. *Argersinger v. Hamlin,* [407 US 25 (1972)], at 31–36. An uncounseled conviction does not become more reliable merely because the accused has been validly convicted of a subsequent offense. For this reason, a conviction which is invalid for purposes of imposing a sentence of imprisonment for the offense itself remains invalid for purposes of increasing a term of imprisonment for a subsequent conviction under a repeat-offender statute."

The legislature can not predicate imprisonment on a prior civil conviction unless the defendant had counsel, either at his own expense or, if indigent, at state expense or had properly waived the right to counsel. Deprivation of the defendant's liberty as a direct consequence of an uncounseled conviction is forbidden by art I, secs 7 and 8, of the Wisconsin constitution. See *State ex rel. Winnie v. Harris,* 75 Wis. 2d 547, 249 N.W.2d 791 (1977).

For the foregoing reasons I dissent.