HRUZ, J.[1]
¶ 1 Kimberly Severson appeals a circuit court order denying her request to vacate the second of two 2001 first-offense operating while intoxicated (OWI) convictions based upon the court's lack of competency to enter the judgment of conviction and the denial of her constitutional right to counsel. Her request was made while she faced a seventh-offense OWI charge in a different county.
¶ 2 We agree with the County that Severson forfeited any competency objection. We also agree with the County that Severson had no constitutional right to counsel when she twice faced the penalties-albeit, incorrectly-for a first-offense OWI. As such, she was not deprived of her right to counsel. In all, we affirm.
BACKGROUND
¶ 3 The facts are undisputed and largely come from admissions by Severson that are not contested by the County. This is because the record lacks certain documents due, in part, to the St. Croix County circuit court not retaining documents from Severson's 2001 case, consistent with supreme court rules.[2] On February 10, 2001, Severson was charged with a first-offense OWI in St. Croix County. At the end of that month, Severson was convicted of a first-offense OWI for a separate incident in Polk County. However, just over one week later, Severson was convicted on the St. Croix County first-offense OWI charge following her no-contest plea. Accordingly, Severson was twice convicted of a first-offense OWI.
¶ 4 Fifteen years later, in 2016, Severson faced a seventh-offense OWI charge in Eau Claire County. In February 2017, during the pendency of her seventh-offense OWI prosecution, Severson filed a motion in St. Croix County to vacate her 2001 first-offense OWI conviction. She argued that the conviction was "void for lack of circuit court competency" because, due to the first-offense OWI conviction in Polk County having been entered over one week prior, her St. Croix County first-offense OWI should have been amended to a second-offense OWI. She also asserted that had she been "properly" charged in St. Croix County with a second-offense OWI-which is a criminal offense-as opposed to a first-offense OWI-which is a civil violation-she had the right to counsel. Due to this charging error, she contends her constitutional right to counsel had been violated.
¶ 5 The circuit court denied Severson's motion after a hearing and permitting the parties to submit supplemental briefing. In its order, the court relied upon our supreme court's decision in City of Eau Claire v. Booth , 2016 WI 65, 370 Wis. 2d 595, 882 N.W.2d 738. The court observed that "[t]he facts of Severson's case are strikingly similar to those of Booth ." It found that Severson's waiting sixteen years before claiming she had been wrongly charged and convicted, and her having new OWI charges pending against her when she moved to vacate the prior conviction, were similar to the circumstances of the defendant in Booth . Finding that Booth controlled, the court determined that Severson "forfeited her objection to the court's lack of competency to proceed to judgment on the 2001 St. Croix County conviction because the objection was filed too late and under circumstances that speak for themselves." The court then entered its order denying Severson's motion, and this appeal follows.
DISCUSSION
¶ 6 Severson argues that she did not forfeit her ability to challenge the circuit court's competency in her 2001 St. Croix County OWI case because her present challenge is distinguishable from Booth . As one of the distinguishable factors, she cites her own argument that her right to counsel had been violated. We turn first to Booth and its applicability here before addressing her integrated argument asserting a denial of her right to counsel.
I. Severson forfeited her ability to challenge the circuit court's competency when she failed to raise any prior objections.
¶ 7 Subject matter jurisdiction is the circuit court's power to decide certain types of actions and is established by article VII, section 8 of the Wisconsin Constitution. See Booth , 370 Wis. 2d 595, ¶ 7. A circuit court's judgment is void when it lacks subject matter jurisdiction over a proceeding. See State v. Campbell , 2006 WI 99, ¶ 43, 294 Wis. 2d 100, 718 N.W.2d 649. However, "a circuit court is never without subject matter jurisdiction." Village of Trempealeau v. Mikrut , 2004 WI 79, ¶ 1, 273 Wis. 2d 76, 681 N.W.2d 190. Yet, "a circuit court's ability to exercise the subject matter jurisdiction vested in it by the constitution may be affected by noncompliance with statutory requirements pertaining to the invocation of that jurisdiction in individual cases." Id. , ¶ 9. "A court's 'competency,' as the term is understood in Wisconsin, is not jurisdictional at all, but instead, is defined as 'the power of a court to exercise its subject matter jurisdiction' in a particular case." State v. Smith , 2005 WI 104, ¶ 18, 283 Wis. 2d 57, 699 N.W.2d 508 (citation omitted).
¶ 8 A circuit court's ability to enter judgment on a mischarged[3] OWI offense affects its competency to exercise subject matter jurisdiction, rather than subject matter jurisdiction itself. Booth , 370 Wis. 2d 595, ¶14. Because a lack of competency is a non-jurisdictional defect, an objection to the court's lack of competency on a mischarged OWI offense may be forfeited if not timely raised in the circuit court. Id. , ¶¶ 11, 25. Whether a circuit court has lost competency and whether forfeiture applies are questions of law that we independently review. Id ., ¶ 6.
¶ 9 Our supreme court has recently held that a defendant's significant delay in raising a competency challenge to a mischarged OWI conviction may result in forfeiture of that argument. Id. , ¶ 25. In Booth , the defendant moved to vacate a first-offense OWI because she should have been charged with a second-offense OWI. Id. , ¶ 2. She filed that motion twenty-two years after her conviction and while she had seventh-, eighth-, and ninth-offense OWI charges pending against her. Id . Our supreme court held that Booth forfeited her right to challenge the mischarged OWI conviction by failing to timely raise that argument. Id. , ¶ 1. The court first determined that a mischarged first-offense OWI affects the circuit court's competency, as opposed to subject matter jurisdiction, because "mischarging a second-offense OWI as a first-offense OWI results in a failure to abide by mandatory OWI penalties central to the escalating penalty scheme."Id. , ¶ 22. The court then observed that challenges to court competency are forfeited if not timely raised, see id. , ¶ 11 (citing Mikrut , 273 Wis. 2d 76, ¶ 38 ), and concluded Booth's challenge was untimely, see id. , ¶ 25. It found her "considerable delay in raising the issue suggests an attempt to play fast and loose with the court system, which is something this court frowns upon." Id .
¶ 10 We conclude that Severson forfeited her ability to challenge the circuit court's competency in entering a second first-offense OWI conviction against her. As a threshold matter, we agree with Severson that the court lacked competency to convict her twice of a first-offense OWI. Booth 's holding is unequivocal in that regard, and the County does not dispute as much.
¶ 11 However, we part ways with Severson and agree with the circuit court that the striking similarities between this case and Booth warrant the same outcome. Like Booth, Severson was charged incorrectly with a second first-offense OWI. Further, Severson similarly waited until new OWI charges were pending against her before electing to challenge the court's competency for the prior OWI. Finally, Severson's sixteen-year delay in objecting to the court's competency is a similar "considerable delay in raising the issue" as Booth's twenty-two year delay. Id. On these facts, Severson forfeited her objection to the court's lack of competency to enter a second first-offense OWI conviction because she filed her objection too late. Therefore, we conclude the circuit court properly denied Severson's motion to vacate.
¶ 12 Severson's arguments that Booth is distinguishable and that her competency objection is timely are unavailing. She first seems to downplay Booth 's precedential value by arguing that "no 'hard and fast' rule exists which bars competency challenges after a certain period of time has expired." She contends that "there does not exist a definitive, specifically delineated, or unequivocal number of weeks, months, or years which, when passed, bar a competency challenge." We agree that Booth 's holding does not explicitly state when a delay crosses the threshold from timely to untimely. Severson, however, fails to develop any persuasive argument for why her sixteen-year delay is "significant[ly]" different than the twenty-two-year delay in Booth .[4]
¶ 13 Severson also argues the Booth court's primary concern-that Booth's raising of a jurisdictional challenge to attack a prior OWI was an effort "to play fast and loose with the court system"-does not apply to her. She asserts that she never challenged the circuit court's competency during the pendency of her earlier OWI convictions because her prior attorneys did not have the same "skill and acumen" as her current counsel. She then argues against forfeiture because she raised this challenge immediately after retaining her current attorneys, and our concluding otherwise would "basically be punishing her for the failures and shortcomings of prior counsel." We are unpersuaded by this disparate-competency-of-counsel argument. There is no record support for her assertion that her prior attorneys performed deficiently, and Severson has not alleged ineffective assistance of counsel. Without fully developing her argument, Severson requests us to essentially ignore the factual similarities and holding of Booth , which we decline to do.
II. Severson did not have the right to counsel because a first-offense OWI charge is not punishable by incarceration.
¶ 14 Severson also contends her conviction in the St. Croix County case should be void because she was unconstitutionally deprived of her right to counsel in that matter. In particular, she asserts that had she been properly charged in St. Croix County with a second-offense OWI, she would have had the right to counsel because a second-offense OWI is a criminal violation, unlike a first-offense OWI. She then argues that the circuit court failed to advise her of this right, and, because of this failure, she never waived her right to counsel. She further contends that her noting a potential right-to-counsel violation in conjunction with her challenging the court's competency distinguishes her case from Booth .
¶ 15 Criminal defendants in Wisconsin are guaranteed the right to counsel by both article I, section 7 of the Wisconsin Constitution and the Sixth Amendment to the United States Constitution. State v. Drexler , 2003 WI App 169, ¶ 3, 266 Wis. 2d 438, 669 N.W.2d 182. Wisconsin defendants are entitled to the right to counsel only if the offense they are charged with is punishable by incarceration. State v. Novak , 107 Wis. 2d 31, 41, 318 N.W.2d 364 (1982). A prior criminal conviction will be void for the purposes of a repeater statute in a graduated penalty scheme when a defendant had the right to representation, but he or she neither waived nor received it. Id . By contrast, defendants are not entitled to counsel when the charges they face are not punishable by incarceration. Id .
¶ 16 We reject Severson's arguments because the right to counsel is determined by what was actually charged, not by what should have been charged. Accordingly, Severson was not entitled to counsel because her first-offense OWI charge in St. Croix County was a civil forfeiture not punishable by incarceration. See WIS. STAT. § 346.65(2)(am) ;[5] Novak , 107 Wis. 2d at 41. A prior conviction on a charge for which the right to counsel did not attach may not be invalidated if the defendant did not have representation. Novak , 107 Wis. 2d at 41. It is true that, by the time Severson pleaded no contest in her 2001 St. Croix County OWI case, she should have been facing a second-offense OWI under the statutory graduated penalty scheme. Nevertheless, her charge was never amended to reflect her first OWI conviction, entered in Polk County. Accordingly, she only faced first-offense OWI penalties in her St. Croix case, which are monetary and carry no term of incarceration. Therefore, Severson was not entitled to counsel, and her conviction is not invalid for any alleged lack of representation.
¶ 17 Severson's argument as to how the alleged violation of her right to counsel distinguishes her case from Booth is not easily summarized. She begins by contending, contrary to the above-cited authority, that the right to counsel should be determined by what should have been charged, as opposed to what actually was charged. She then, in broad strokes, again discusses the failures of her prior counsel by not raising the competency challenge sooner and by not recognizing the potential constitutional implications of being mischarged in a graduated penalty scheme.
¶ 18 We find Severson's argument unavailing. She mainly focuses on the general, historical importance of the right to counsel. She provides no citation to legal authority to support her position that the determinative charge for when the right to counsel attaches is what, arguably, should have been charged, as opposed to what actually was charged. Because Novak clearly instructs that the right to counsel is determined by a defendant's actual charge, and Severson presents no authority to refute that notion, her right to counsel argument is unpersuasive.
¶ 19 Finally, we conclude Severson's remaining arguments regarding the relative effectiveness of her prior counsel and the constitutional implications of being mischarged in a graduated penalty scheme are underdeveloped. We decline to address them further. See State v. Pettit , 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992).
By the Court. -Order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)4.

This appeal is decided by one judge pursuant to Wis. Stat. § 752.31(2) (2015-16). All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.

Both parties discuss alleged issues with some of Severson's record citations. In particular, her 2001 judgments of conviction are not in the record. The County took exception to Severson citing her own prior court submissions in this case in an attempt to verify information that would have been found in those documents. As the County does not contend that these omissions from the record dispose of this appeal without our reaching its merits, we decline to address them further.

We note that, in this case, Severson's OWI charge in St. Croix County was not technically mischarged, as she had not yet been convicted of a first-offense OWI when she was first charged. Rather, the problem was in not amending the St. Croix County OWI charge after Severson's first-offense OWI conviction in Polk County.

Severson claims her delay was fifteen years, as opposed to sixteen years. Whether her delay was fifteen or sixteen years is inconsequential to our decision today; however, we do note that she was charged in February 2001 and brought her motion to vacate in February 2017.

Wisconsin Stat. § 346.65 (2001-02) is substantively similar to the current version.