COURT OF APPEALS
DECISION
DATED AND FILED

October 13, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No. 2020AP52**

**STATE OF WISCONSIN**

Cir. Ct. No. 2019FO221

**IN COURT OF APPEALS
DISTRICT III**

OCONTO COUNTY,

    PLAINTIFF-RESPONDENT,

V.

HAYDEN K. HAWK,

    DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Oconto County: MICHAEL T. JUDGE, Judge. *Affirmed*.

¶1 GILL, J.[1] Hayden Hawk, pro se, appeals from a civil forfeiture judgment for theft. Hawk contends that: (1) he did not receive proper notice of his trial; (2) the circuit court and the court of appeals erred in declining to appoint

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2) (2019-20). All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

an attorney to represent him; (3) his confession was coerced; (4) the circuit court erred in not ordering the victim to preserve or produce surveillance camera footage; (5) his case was pursued only because of his ethnicity; and (6) there was insufficient evidence to support a finding of guilt.  We reject Hawk's arguments and affirm the civil forfeiture judgment.

## BACKGROUND

¶2      In July 2019, Oconto County Sheriff's Deputy Jess Keplinger was dispatched to a Subway restaurant in Lakewood, Wisconsin, in response to a theft complaint.  Tammy Lawrence, the owner of the franchise, reported that someone took fifty dollars consisting of two twenty-dollar bills and one ten-dollar bill from her office desk drawer.  Lawrence advised Keplinger that she suspected it was Hawk because he admitted to being in the office at the time, and was the lone individual with access to the money at the time of the theft.

¶3      Keplinger subsequently spoke to Hawk, and purposely mentioned that a fifty dollar bill had been stolen.  Hawk corrected him, saying there were two twenty-dollar bills and a ten-dollar bill.  While Hawk initially denied taking the money, he eventually admitted that he had done so.  Hawk thereafter returned the missing money to Lawrence and apologized to her.

¶4      The County charged Hawk with a noncriminal, theft ordinance violation.  Thereafter, Hawk filed a "Notice of Plea of Not Guilty and Motion to Dismiss or in the Alternative Motion to Preserve Evidence."  As to the latter motion, Hawk requested that Lawrence preserve any evidence in the form of hidden video camera footage of the theft and provide such evidence to Hawk.  The matter was set for trial, and Hawk was provided notice of a "Court trial."

2

¶5     At trial, the County called two witnesses: Lawrence and Keplinger. Both Lawrence and Keplinger provided testimony consistent with the allegations that Hawk committed the theft. Hawk conducted no cross-examination of the County's witnesses, called no witnesses, did not testify in his own defense and offered no other evidence. At the conclusion of the trial, the circuit court found Hawk guilty of violating the ordinance. The court imposed a forfeiture of $389.50.

¶6     Subsequently, Hawk mentioned to the circuit court the County's failure to provide surveillance camera footage as well as a claim that his confession was coerced. The court rejected these claims as untimely.

¶7     Hawk then filed a motion for postconviction relief and he requested public defender representation. The circuit court denied the request because Hawk had not been convicted of a criminal offense. Subsequently, Hawk filed a motion in this court for a public defender appointment that we denied. Hawk appeals.

## DISCUSSION

¶8     Hawk first contends that he was unfairly deprived of the opportunity to prepare for his trial because he was unaware a trial would be held on the hearing date. The record belies Hawk's assertion. The hearing notice was mailed to Hawk at his last known address, clearly stating, "This case is scheduled for: Court trial[,]" and provided the date, time, location, judge and citation. Hawk tacitly confirmed receipt of the notice of the hearing by appearing in court on the provided date. Having received the hearing notice, Hawk cannot plausibly argue that he did not understand the hearing would be a trial.

¶9 Hawk next argues that his denial of an appointment of legal representation without a hearing violates his Fourteenth Amendment right to due process. Hawk's underlying charge in this case was an ordinance violation—i.e., a civil forfeiture action. Therefore, he has no constitutional right to counsel. *See State v. Novak*, 107 Wis. 2d 31, 41, 318 N.W.2d 364 (1982). Accordingly, Hawk did not qualify for appointed legal representation at any level of his proceedings, and the circuit court was under no obligation to grant him counsel or a hearing on the request.

¶10 Hawk next argues that he was coerced into a confession, due primarily to a statement by Keplinger: "if you do not admit to taking the $50 you are going to jail, and oh, by the way, you will be in there over the weekend." Hawk had the opportunity to cross-examine Keplinger, but he declined to do so. Additionally, Hawk declined to testify on his own behalf and failed to raise any evidence to support his claim that he was coerced into making a confession. Because Hawk fails to raise a developed argument on this issue, we decline to address it. *See State v. Pettit*, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992).

¶11 Hawk further claims that because the County did not produce surveillance camera footage of the theft, "there is no proof a crime was committed." He contends that the County held, or had access to, surveillance footage and that it may have been exculpatory.

¶12 Hawk's argument is underdeveloped. Although Hawk made a request to preserve evidence, he cites to nothing in the record on appeal establishing the existence of a security camera or surveillance footage. Moreover,

Hawk's claim that any footage would be exculpatory is purely speculative. Because Hawk's argument is underdeveloped, we shall not address it. *See id.*

¶13 Hawk next asserts that Lawrence, Keplinger, the prosecutor, and the judge all pursued this case against him based on his ethnicity rather than on the facts of the case. Other than noting the ethnicities of those associated with the case, Hawk provides neither a substantive argument nor evidence to support this serious contention. We decline to address this argument as it is undeveloped and unsupported. *See id.*

¶14 The sufficiency of the evidence to support a particular outcome is a question of law that we review independently. *See, e.g.*, *Lemke v. Lemke*, 2012 WI App 96, ¶28, 343 Wis. 2d 748, 820 N.W.2d 470; *State v. Smith*, 2012 WI 91, ¶24, 342 Wis. 2d 710, 817 N.W.2d 410. The entirety of the County's evidence was uncontested. The only evidence produced at trial was evidence of Hawk's guilt. The evidence included Hawk's knowledge of the theft, his confession, his returning the stolen money, and his apology. The evidence clearly supported the circuit court's finding of Hawk's guilt. Accordingly, we affirm the judgment.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.