**SANI–TOP, Inc., a corporation, Appellant,**

v.

**NORTH AMERICAN AVIATION, Inc., a corporation, Appellee.**

No. 15831.

United States Court of Appeals
Ninth Circuit.

Nov. 10, 1958.

Albert M. Herzig, Herzig & Jessup, Los Angeles, Cal., for appellant.

Flint & MacKay, Edward L. Compton, Arch R. Tuthill, Los Angeles, Cal., for appellee.

Before FEE, CHAMBERS and JERTBERG, Circuit Judges.

PER CURIAM.

Sani-Top, a California corporation, sought below a declaratory judgment[1] against North American. Sani-Top wanted the district court to tell it whether United States Patent No. 2,433,643 owned by North American is valid and whether Sani-Top is infringing it. Apparently, the patented process has something to do with "postforming" or bending flat sheets of formica. Sani-Top, we take it, makes some kind of tops or drainboards for kitchen sinks and uses a postforming process on formica sheets.

Sani-Top's complaint pleaded too much evidence, including an affidavit of one of its attorneys. Defendant responded with a motion to dismiss and supported it by an affidavit of its counsel. Essentially the affidavit of defendant's counsel is that he hasn't said what plaintiff's attorney said he has said, or perhaps there was a misunderstanding. The motion to dismiss plaintiff's complaint made by defendant is not self-sufficient. It refers to pleadings in two other cases brought in the same district court in which this action was brought.[2] Also, it refers to reasons for dismissal. These reasons have not been printed. No one has brought to this court the pleadings in the other cases.

After a hearing upon the motion to dismiss, the court entered an order for the dismissal of the action. Judgment pursuant to the order was entered. Out of the judgment, we extract the following:

" * * * [I]t appearing to the Court and the Court finds that the Complaint fails to allege an actual controversy between the parties and that this Court lacks jurisdiction over the subject matter, and the Court having granted said motion to Dismiss;

"Now, Therefore, It Is Ordered and Adjudged:

"(1) That the above-entitled action be and the same hereby is dismissed;

"(2) That the aforesaid dismissal shall not constitute an adjudication upon the merits."

Sani-Top appeals and the decision and the judgment of this court will be that the judgment of the district court is vacated and set aside.

Of course, such abrupt action deserves some explanation. On this appeal we do not have a full record. Proceedings and issues in the two other cases are attempted to be supplied by affidavits from the file in this case and piecemeal snatches of the record in the other cases. Also, the briefs of both parties take the liberty of telling us about the other cases.

 Without detailing the circumstances, we do not find appellee wholly

---

1. See 28 U.S.C.A. § 2201, § 2202 and Rule 27, Federal Rules of Civil Procedure, 28 U.S.C.A.

2. These cases are North American Aviation, Inc. v. Sani-Top, Inc., No. 20,723 T.C. and North American v. Bonded Products Co., No. 20,724 T.C.

free from blame on the matter of our record. Therefore, we should not apply a rule that the missing parts sustain the court's action. Furthermore, the judgment says, "The complaint fails to allege an actual controversy." We think it does (in too many words) allege an actual controversy between the parties but before the complaint is done it almost "unalleges" a controversy. And in what sense, in the judgment, the phrase— "lacks jurisdiction over the subject matter"—is used with reference to this complaint and the motion to dismiss is unclear. Further, if this court were to let the judgment stand as it is, we are inclined to believe we would soon have the problem back with us as to what the judgment meant and what was its effect.

■■■■ Our best analysis of the judgment is that it does constitute a binding adjudication that the validity of the patent, and, if valid, the issue of infringement cannot be tried by declaratory judgment proceedings.

It may be assumed that the trial court was not using the word "jurisdiction" in the sense of naked power. If the case had been tried upon the complaint, one may assume that a judgment thereon would be valid against collateral attack. It may have meant that it was satisfied the case was one not meeting proper standards for a declaratory judgment suit; that is, on the basis of the statute and decisions a trial would not be properly permissible, or it could have had in mind its discretion to hear controversies or not hear them which are implicit in the word "may" in the federal declaratory judgments act. See 28 U.S.C.A. § 2201. This "may" does not mean "shall," but the discretion must be reasonably exercised. It follows the traditional equity concepts.

Naturally, the court would not want to schedule a lengthy patent trial without determining first whether declaratory judgment procedures were appropriate. But it appears that here the issue of "jurisdiction" needed an answer by the defendant and a trial thereon. This could be easily handled (trial of a separate issue) under Rule 42(b). After such a trial with evidence the court could more appropriately determine whether there was a proper case at all for a declaratory judgment. If it should be a case where a declaratory judgment could be deemed appropriate, then there would remain the question of whether in the exercise of a wise discretion it ought to be entertained.

Here the case bogged down in a quagmire of affidavits on a motion to dismiss. Too much importance has been laid on what each client's lawyer said on other occasions and not on the client's basic positions. We do not say what the lawyers said is wholly immaterial.

There is a shadow here on which we should issue a caveat. From the briefs and oral argument we are told that Sani-Top at one time tried to put the issues of the declaratory judgment into an action by North American against Sani-Top. (One of the actions above-mentioned.) Supposedly that is a pending action for royalties under a licensing agreement to Sani-Top by North American which agreement has now expired. Apparently, the validity of the patent and infringement were tendered by Sani-Top in a counterclaim erroneously called a cross-claim. Discouraged by the trial court's attitude toward entertaining the issues in the royalty suit, we are told, Sani-Top voluntarily dismissed the so-called "cross-claim" and started the new declaratory judgment action.[3] No issue concerning

3. Almost on the eve of trial in the patent license agreement suits Sani-Top having appealed from the judgment in this declaratory judgment case, sought in December, 1957, from this court an order staying the trial of the license suits until after the determination of this appeal. The motion was in the nature of prohibition. The motion was denied without opinion. Of course, this court is reluctant to interfere just before trial and upset the orderly administration of justice in trial courts. Possibly the denial stands for no more. This is not to infer that with more time a different result would have been reached. The question just has not been considered by the panel of the court hearing the full appeal.

the royalty suit is before the court. This opinion should not be taken as having considered at all any question of whether declaratory relief should have been sought in the royalty action.

■ Before coming back to this court, the parties should see that this court has what was before the district court in determining a particular issue. We have indicated some fault in this regard lies with appellee, but most is with the appellant. Therefore, the costs of this appeal will be assessed against appellant.

Judgment reversed for proceedings consistent herewith.