Steven J. SCHUTTEL, Petitioner,

v.

CLERK OF CIRCUIT COURT, et al., Respondents.

Civ. A. No. 83-C-626.

United States District Court,
E.D. Wisconsin.

Dec. 16, 1983.

James C. Wood, Milwaukee, Wis., for petitioner.

Bronson C. La Follette, Atty. Gen. by Jerome S. Schmidt, Asst. Atty. Gen., Madison, Wis., for respondents.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

This is an action for habeas corpus relief. By stipulation and order of July 15, 1983, the action was stayed pending resolution of the appeal in *Schindler v. Clerk of Circuit Court, Chippewa County*, 715 F.2d 341 (7th Cir.1983). The order also extended a ninety-day stay of petitioner's five-day jail sentence, the extension to terminate upon the Seventh Circuit's decision of *Schindler*. At that time, the parties were to advise the Court of their intentions to proceed with this case.

The Seventh Circuit decided *Schindler* on August 22, 1983. Nearly four months have passed since that time, and the Court has not been advised by either party of how the case is to proceed. In these circumstances, I find it appropriate to lift the stay *sua sponte*, and proceed to the merits of the petition.

On November 9, 1979, petitioner Schuttel was arrested for driving a motor vehicle while intoxicated. This was his first offense of this kind. On December 17, 1979, petitioner entered a plea of guilty in Milwaukee Municipal Court. The alternative penalties a $200.00 forfeiture and a fifteen-day imprisonment, were stayed while petitioner entered a group dynamics program. Petitioner's driving privileges were suspended for 180 days. Petitioner was not advised of a right to counsel at this proceeding, nor did he confer with counsel in preparation therefore.

On December 19, 1982, petitioner was again arrested for driving while intoxicated. On March 17, 1983, at a proceeding in Milwaukee County Circuit Court, petitioner entered a plea of guilty to a second offense. At this time, he was represented by counsel. Counsel expressed a desire to file a habeas proceeding in federal court, arguing that a state habeas proceeding would be futile in view of the Wisconsin Supreme Court's decision in *State v. Novak*, 107 Wis.2d 31, 318 N.W.2d 364 (1982). Judge Geske accepted the plea, and stayed the imposition of a penalty and a jail sentence. The present petition was filed on May 11, 1983.

The sentence and penalty imposed by Judge Geske derive from Wis.Stat. § 346.-65, which provides in pertinent part:

(2) Any person violating s. 346.63(1) [operating a motor vehicle while under the influence of an intoxicant]:

(a) Shall forfeit not less than $150 nor more than $300, except as provided in par. (b) or (c).

(b) Shall be fined not less than $300 nor more than $1,000 and imprisoned not less than 5 days nor more than 6 months if the total of revocations under s. 343.-305 and convictions under s. 346.63(1) or a local ordinance in conformity therewith, or s. 346.63(2) or 940.25, or s. 940.-09 where the offense involved the use of a vehicle, equals 2 in a 5-year period, except that revocations or convictions arising out of the same incident or occurrence shall be counted as one. The 5-year period shall be measured from the dates of the refusals or violations which resulted in the revocation or convictions.

Petitioner's sole contention in support of his request for a writ is that he did not have, nor was advised of a right to have, the assistance of counsel at his first drunken driving conviction, and therefore, under *Baldasar v. Illinois,* 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980), that conviction cannot be used to enhance the punishment for a subsequent offense under the same statute.

At the time of petitioner's conviction, this argument had been successfully advanced in *Schindler v. Clerk of Circuit Court,* 551 F.Supp. 561 (W.D.Wis.1982). The Seventh Circuit rejected the argument on appeal, holding that Schindler's initial civil offense for driving while intoxicated "was not used to 'support guilt or enhance punishment' for the subsequent offenses." *Schindler v. Clerk of Circuit Court,* 715 F.2d 341, 345 (7th Cir.1983). The Court of Appeals reviewed the legislative history and the public policy concerns underlying Wis.Stat. § 346.65, and the Wisconsin Supreme Court's decision in *State v. Novak,* 107 Wis.2d 31, 318 N.W.2d 364 (1982), and concluded that on balance, the statute's advantages as an intelligent response to the problem of drunken driving outweighed any possible criticisms of asymmetry re-

sulting from the absence of counsel at the initial proceeding. 715 F.2d at 347.

I find that *Schindler* controls the outcome of the present case. The only difference between *Schindler* and the case at bar is that petitioner is only a second-time offender, whereas Schindler had committed three drunken driving offenses. That fact provides no principled basis for arriving at a result contrary to *Schindler.*

THEREFORE, IT IS ORDERED that the stay of proceedings entered in this action on July 15, 1983, is hereby terminated.

IT IS FURTHER ORDERED that Steven J. Schuttel's petition for a writ of habeas corpus is hereby dismissed with prejudice.