Curtis W. **MARSH**, Plaintiff,

v.

Hansford T. **JOHNSON**,[1] Acting Secretary of the Navy, Defendant.

No. CIV.A. 00–2150(RMU).

United States District Court, District of Columbia.

May 20, 2003.

---

1. The plaintiff's complaint originally named then-Secretary of the Navy Richard Danzig as the defendant in this suit. Compl. ¶ 4. Hansford Johnson is the current Acting Secretary. Thus, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, the court substitutes Hansford Johnson for Richard Danzig as the proper defendant in this suit. FED. R. CIV. P. 25(d)(1); *Network Project v. Corp. for Public Broadcasting*, 398 F.Supp. 1332, 1336 (D.D.C. 1975) (explaining that "[s]ubstitution is appropriate when the original officer is replaced by an acting officer").

Christopher Alexander Sterbenz, Vienna, VA, for Plaintiff.

Herbert Emerson Forrest, U.S. Department of Justice, Washington, DC, for Defendant.

### MEMORANDUM OPINION

URBINA, District Judge.

**LIFTING THE PENDING STAY; GRANTING THE DEFENDANT'S MOTION FOR LEAVE TO SUPPLEMENT THE RECORD; STRIKING THE DEFENDANT'S MOTION TO DISMISS; AND ALLOWING RE-BRIEFING OF THE DEFENDANT'S MOTION TO DISMISS**

## I. INTRODUCTION

This case presents a challenge to the Navy's alleged affirmative-action policies and comes before the court on the Secretary of the Navy's ("the defendant") motion to dismiss Curtis Marsh's ("the plaintiff") complaint for want of subject-matter jurisdiction and motion for leave to supplement the record with additional declarations. The plaintiff notes that the court stayed all proceedings at bar and thereby opposes the defendant's motions on the ground that the defendant prematurely filed them in violation of the pending stay. After consideration of the parties' submissions, the relevant law and the record, the court lifts the pending stay, grants the defendant leave to supplement the record, strikes the defendant's motion to dismiss

and allows re-briefing on the defendant's motion to dismiss.

## II. BACKGROUND

The plaintiff, a white male, is a retired military officer who served on active duty in the United States Marine Corps Reserve. Compl. ¶ 3. In November 1999, after being passed over for a promotion to the rank of colonel, the plaintiff challenged his non-promotion by filing an application with the Board for Correction of Naval Records ("BCNR"). *Id.* ¶¶ 19, 22; Pl.'s Resp. to Def.'s Mot. to Supplement ("Pl.'s Resp.") at 1. On May 4, 2000, the BCNR issued a final agency decision refusing to reconsider the plaintiff's non-promotion. Compl. ¶¶ 23–24. Shortly thereafter, the plaintiff retired from active military duty. *Id.* ¶ 18.

On September 7, 2000, the plaintiff filed his complaint with this court against the defendant in the defendant's official capacity as the head officer of the Navy. *Id.* ¶ 4. The plaintiff alleges that the selection boards [2] wrongfully prevented the plaintiff from receiving a promotion to the rank of colonel for four consecutive years by employing "policies of racial and sexual classifications" in violation of the Administrative Procedure Act and the plaintiff's Fifth Amendment rights to equal protection and due process. *Id.* ¶¶ 7–17. Specifically, the plaintiff believes that the selection boards did not promote him because of the Navy's equal-opportunity policies that allegedly dictate preference for members of certain racial and gender classifications of which the plaintiff is not a member. *Id.* ¶¶ 16–17.

On February 1, 2001, the defendant approved the plaintiff's request to convene a special selection board to reconsider the plaintiff's non-promotion.[3] Def.'s Notice of Selection at 1. On May 15, 2001, the court granted the parties' joint motion to stay all further proceedings on that proffered basis. Order dated May 15, 2001; Pl.'s Resp. at 2. After a favorable recommendation for promotion by the special selection board, approval by the Secretary, nomination by the President and confirmation by the Senate, the plaintiff received his promotion to the rank of colonel. Pl.'s Resp. at 2–3.

In a memorandum dated August 21, 2002, the BCNR determined that pursuant to 10 U.S.C. §§ 14502(e)(3) and 1552, the plaintiff's record should reflect his promotion effective as of November 1, 1997. Def.'s Mot. to Dismiss ("Def.'s Mot.") Attach. A at 2–3. The BCNR further decided to correct his record "to show he has not failed of selection for promotion to colonel" and declared that the defendant should be awarded payment of any money to which he is entitled. *Id.* Consequently, on September 12, 2002, the defendant filed the pending motion to dismiss, asserting first that the plaintiff's promotion and the relief granted by the BCNR rendered the

---

**2.** 10 U.S.C. § 14101(a) provides in pertinent part that

> [w]henever the needs of the Army, Navy, Air Force, or Marine Corps require, the Secretary concerned shall convene a selection board to recommend for promotion to the next higher grade ... officers on the reserve active-status list of that armed force in a permanent grade from first lieutenant through brigadier general or, in the case of the Naval Reserve, lieutenant (junior grade) through rear admiral (lower half).

10 U.S.C. § 14101(a).

**3.** In convening a special selection board to reconsider the plaintiff's non-promotion, the defendant does not admit that the equal-opportunity precepts at issue created impermissible race and gender classifications in violation of the plaintiff's constitutional rights to equal protection and due process as alleged in the plaintiff's complaint.

plaintiff's claims moot and second that the plaintiff lacks standing to challenge the Navy's promotion policies. *Id.* at 1–2; Def.'s Reply to Pl.'s Opp'n to Def.'s Mot. ("Def.'s Reply") at 8–9.

On April 1, 2003, the defendant filed its motion for leave to file two additional declarations to supplement an earlier filed declaration ("motion to supplement"). Def.'s Mot. to Supplement at 1–2. The defendant's objective in supplementing the record is to demonstrate that the plaintiff's claims are rendered moot now that the plaintiff has received his back-pay and allowances coincident to his promotion. *Id.*

### III. ANALYSIS

### A. The Court Lifts the Pending Stay

■ As a threshold matter, the court must determine whether it should lift the stay imposed on May 15, 2001 so that it may resolve the pending motions filed by the defendant. Given the plaintiff's promotion and relief granted by the BCNR, the parties agree that the circumstances previously requiring the stay have now changed. The plaintiff asserts, however, that the defendant's motions are procedurally improper because the court's stay order is in full effect and neither side has moved the court to lift the stay. Pl.'s Opp'n to Def.'s Mot. ("Pl.'s Opp'n") at 1–2.

■ When circumstances have changed such that the court's reasons for imposing the stay no longer exist or are inappropriate, the court may lift the stay *sua sponte* or upon motion. *Dano Res. Recovery v. District of Columbia,* 923 F.Supp. 249, 252 (D.D.C.1996) (Harris, J.) (*sua sponte* ); *Purolite Int'l, Ltd. v. Rohm & Haas Co.,* 1992 WL 142018, 24 U.S.P.Q.2d 1857 (E.D.Pa.1992) (upon motion); *Rohm & Haas Co. v. Brotech Corp.,* 1992 WL 313099, 24 U.S.P.Q.2d 1369 (D.Del.1992) (upon motion); *Schuttel v.*

*Clerk of Circuit Court,* 575 F.Supp. 1199 (E.D.Wis.1983) (*sua sponte* ). A trial court has broad discretion to stay all proceedings in an action pending the resolution of independent proceedings elsewhere. *Landis v. N. Am. Co.,* 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Air Line Pilots Ass'n v. Miller,* 523 U.S. 866, 879 n. 6, 118 S.Ct. 1761, 140 L.Ed.2d 1070 (1998) (quoting *Landis,* 299 U.S. at 254–55, 57 S.Ct. 163); *Leyva v. Certified Grocers of Cal., Ltd.,* 593 F.2d 857, 863–64 (9th Cir. 1979). Logically, the same court that imposes a stay of litigation has the inherent power and discretion to lift the stay. *Dano Res. Recovery,* 923 F.Supp. at 252; *Purolite Int'l,* 1992 WL 142018, 24 U.S.P.Q.2d at 1857; *Rohm & Haas Co.,* 24 U.S.P.Q.2d at 1369; *Schuttel,* 575 F.Supp. at 1199.

Even though the plaintiff's assertion that the defendant's motions are procedurally improper is correct in the technical sense, the court's stay does not pose a significant obstacle that would prevent the court from addressing the defendant's pending motions. As the plaintiff notes, the court entered the stay based on the parties' representation that the defendant was reconsidering the plaintiff's non-promotion and that the parties might resolve the plaintiff's claims, thus obviating the need for intervention by the court. Pl.'s Opp'n at 1–2. Now that the defendant has reconsidered the plaintiff's non-promotion, a special selection board has convened and decided to promote the plaintiff, and the plaintiff has been duly promoted to the rank of colonel, the circumstances have changed such that the court's reasons for imposing the stay no longer exist. *Id.;*

Def.'s Mot. at 2, Attach. A at 2–3; Pl.'s Resp. at 2–3; *Purolite Int'l, Ltd.,* 1992 WL 142018, 24 U.S.P.Q.2d at 1857.[4] Therefore, the court exercises its discretion to *sua sponte* lift the stay, retroactive to the date of the defendant's first filed motion. *Purolite Int'l, Ltd.,* 1992 WL 142018, 24 U.S.P.Q.2d at 1857. Having disposed of this threshold issue, the court now turns to the defendant's pending motions.

### B. The Court Grants the Defendant's Motion to Supplement

■ Before turning its attention to the defendant's motion to dismiss, the court first addresses the defendant's motion to supplement. As noted, the defendant moves the court for leave to file two declarations to supplement the record of this case. Def.'s Mot. to Supplement at 1. Specifically, the defendant believes that the additional declarations will assist the court in resolving the case because they demonstrate that some of the plaintiff's requests for relief as prayed for in the complaint are now satisfied because the plaintiff has received back-pay and allowances coincident to his promotion to the rank of colonel. *Id.* at 1. The defendant asserts that information contained in the declarations was not available at the time of the briefing of the motion to dismiss because the necessary audit had not been completed. *Id.* at 1–2. Indeed, the defendant correctly notes that he informed the court during the briefing phase on the motion to dismiss that the plaintiff's pay record was undergoing an audit process to determine payment due to the plaintiff, but that no final action had been reached. *Id.;* Def.'s Reply at 4.

In response, the plaintiff asks the court to confine its consideration of these declarations to the two narrow issues of whether the defendant properly has paid the plaintiff the entire pay and allowances to which the plaintiff is entitled and whether the defendant has reimbursed the plaintiff his attorneys' fees and expenses under their alleged agreement dated April 27, 2001. Pl.'s Resp. at 3–4.

■ Courts have the discretion to allow parties to supplement the record of a case. *E.g., Dial A Car, Inc. v. Transp., Inc.,* 1994 WL 902774, at *1 (D.D.C. Sept. 8.1994) (Friedman, J.), *aff'd,* 82 F.3d 484, 489 (D.C.Cir.1996); *Abbott v. Chem. Trust,* 2001 WL 492388, at *16 (D.Kan. Apr. 26, 2001); *Vogrin v. Bureau of Alcohol, Tobacco & Firearms,* 2001 WL 777427, at *8 (N.D.W.Va. Mar. 30, 2001). Unlike a motion based on Federal Rule of Civil Procedure 15(d), which governs the supplementation of pleadings[5] to encompass events that have occurred since the filing of earli-

---

4. Judicial economy also favors lifting the stay. *Air Line Pilots Ass'n,* 523 U.S. at 879 n. 6, 118 S.Ct. 1761. Indeed, consider what would happen if the court were to subscribe to the plaintiff's line of reasoning: the court would strike the defendant's filed motions for the defendant's failure to formally move the court to lift the stay, at which point the defendant most likely would move the court to lift the stay and re-file his motions, thereby necessitating, in turn, the plaintiff to re-file his responses to those motions. Such an arduous and time-consuming process is unnecessary.

5. Federal Rule of Civil Procedure 7(a) lists the types of pleadings that parties may file in federal court: a complaint; an answer; a reply to a counterclaim, if the counterclaim is so denominated; an answer to any cross-claim; a third-party complaint; and a third-party answer. Fed. R. Civ. P. 7(a). Accordingly, a defendant may not supplement a motion to dismiss or affidavit under Rule 15 because these submissions do not fit Rule 7(a)'s definition of a "pleading." *Maldonado v. Dominguez,* 137 F.3d 1, 11 n. 8 (1st Cir. 1998); *Mellon Bank, N.A. v. Ternisky,* 999 F.2d 791, 795 (4th Cir.1993); *United States v. Snider,* 779 F.2d 1151, 1155 (6th Cir.1985); *Int'l Longshoremen's Ass'n, S.S. Clerks Local 1624 v. Va. Int'l Terminals, Inc.,* 904 F.Supp. 500, 504 (E.D.Va.1995).

er pleadings, the defendant's motion to supplement rests entirely on the court's discretion because the defendant seeks only to update an earlier declaration. *Compare id. with* FED. R. CIV. P. 15(d).

■ As the D.C. Circuit has explained, in resolving a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1), the court is not limited to the allegations contained in the complaint but may consider materials outside the pleadings. *Hohri v. United States*, 782 F.2d 227, 241 (D.C.Cir.1986), *vacated on other grounds*, 482 U.S. 64, 107 S.Ct. 2246, 96 L.Ed.2d 51 (1987); *Herbert v. Nat'l Acad. of Sciences*, 974 F.2d 192, 197 (D.C.Cir. 1992). Accordingly, in resolving the defendant's motion to dismiss for lack of subject-matter jurisdiction, the court may look beyond the pleadings and consider the two declarations at issue. *Id.* Therefore, the court exercises its discretion to grant the defendant leave to file the supplemental declarations.[6] *Dial A Car, Inc.*, 1994 WL 902774, at *1; *Abbott*, 2001 WL 492388, at *16; *Vogrin*, 2001 WL 777427, at *8.

## C. The Court Strikes the Defendant's Motion to Dismiss and Allows Further Briefing

■ In addressing the defendant's motion to dismiss, the court recognizes two possible avenues by which it could proceed to resolve the motion: the court could either provide a substantive ruling on the motion by piecing together the jurisdictional arguments presented in various submissions,[7] or strike the motion to allow the parties to fully brief the new issues presented in the defendant's supplemental declarations and in the defendant's reply brief. The court chooses the latter course.

The chosen course allows the plaintiff to respond to the defendant's arguments raised for the first time in the defendant's reply. Def.'s Reply to Pl.'s Resp. As it now stands, the plaintiff has not had a full opportunity to respond to the arguments raised in the defendant's reply. Although the court could provide the plaintiff with the opportunity to file a sur-reply to address those new arguments, the plaintiff has not made such a request. The better approach is for the parties to incorporate their arguments in one chain of briefing, rather than in the piecemeal briefing that has resulted. *Sani–Top, Inc. v. N. Am. Aviation, Inc.*, 261 F.2d 342, 343 (9th Cir. 1958) (stressing the importance of courts having "a full record" before proceeding with rulings rather than being "supplied [facts] by affidavits ... and piecemeal snatches of the record"); *Divane v. Krull Elec. Co., Inc.*, 2002 WL 31844987, at *1 (N.D.Ill.Dec. 18, 2002) (disapproving of piecemeal fashion of briefing a motion); *Waters v. Port Auth. of N.Y. & N.J.*, 158 F.Supp.2d 415, 437 (D.N.J.2001). Indeed, instead of the court addressing the parties' various claims presented in a piecemeal fashion, it seems best to afford the parties a period in which to brief the factual underpinnings of and legal issues presented in the defendant's newly submitted affidavits. *Am. Directory Serv. Agency, Inc. v. Beam*, 1988 U.S. Dist. LEXIS 18520, at *2–3 (D.D.C. June 20, 1998) (Pratt, J.);

---

6. The plaintiff is not prejudiced by the court's decision granting the defendant's motion to supplement because the court will provide the plaintiff a full opportunity to respond to the defendant's supplemental declarations and related arguments in a manner described later in this opinion and in the accompanying order.

7. The parties' arguments relating to dismissal are found in the defendant's motion to dismiss and attached declaration, the plaintiff's opposition thereto, the defendant's reply, the defendant's motion to supplement and attached declarations, the plaintiff's response thereto, and the defendant's reply.

*Gowdish v. Eaton Corp.*, 1981 WL 2041, at *1 (M.D.N.C. Mar. 2, 1981) (noting that "[p]iecemeal supplementation of affidavits is not a practice that the Court desires to encourage").

For these reasons, the court does not reach the merits of the defendant's motion to dismiss, but rather strikes the defendant's motion and allows the parties to re-brief their arguments related to dismissal. *Am. Directory Serv. Agency, Inc.*, 1988 U.S. Dist. LEXIS 18520, at *2–3. If the defendant renews his request for dismissal by filing a comprehensive motion to dismiss, the plaintiff may file an opposing brief, and the court will then be in a position to address the motion in an intelligent fashion. *Id.*

## IV. CONCLUSION

For the foregoing reasons, the court lifts the stay previously imposed by its May 15, 2001 order, grants the defendant's motion to supplement, strikes the defendant's motion to dismiss, and allows re-briefing of the defendant's motion to dismiss. An order directing the parties in a manner consistent with this Memorandum Opinion is separately and contemporaneously issued this _____ day of May 2003.